| 206 | 297 |
| p206 | 303 |
| 206 | 297 |
| d209 | ²170 |

# Potter County Water Company v. Austin Borough, Appellant.

*Water companies—Boroughs—Contracts.*

Where a borough has in 1897 entered into a contract with a water company by which the latter was to supply the borough with water for fire purposes and the citizens of the borough with water for domestic purposes, the borough cannot thereafter violate its contract by the erection of a waterworks for supplying itself and its citizens with water.

*Constitutional law — Title of statute — Waterworks — Boroughs — Act of
May 3, 1901, P. L. 140.*

The Act of May 3, 1901, P. L. 140, entitled, "An act authorizing
boroughs to provide a supply of water for the use of the public either by
the erection and operation of waterworks, or by contracts with persons
or corporations authorized to supply water within the limits of said borough,
or by both methods," is unconstitutional as to its second section, inasmuch
as the title gives no notice of the provisions contained in the second
section.

Argued May 5, 1903.    Appeal, No. 87, Jan. T., 1903, by de-
fendant, from decree of C. P. Potter County, March T., 1901,
No. 2, on bill in equity in case of Potter County Water Com-
pany v. Austin Borough, Thomas Cornish et al. Before DEAN,
FELL, BROWN, MESTREZAT and POTTER, JJ.    Affirmed.

Bill in equity for an injunction.

OLMSTED, P. J., filed the following opinion:

### FINDINGS OF FACT.

1. I find as a matter of fact, that on October 16, 1897, the
borough of Austin passed an ordinance authorizing and em-
powering one John P. McIntyre, acting for himself, or for a
corporation formed for supplying water in the borough of Aus-
tin, his successors and assignees, to construct and maintain
waterworks in said borough.

2. I find as a matter of fact, that by said ordinance the said
McIntyre, or his assigns, should file with the borough clerk,
within sixty days, a written acceptance of the terms of the or-
dinance and within one year should have the water plant in
successful operation, and on filing said acceptance was to be
deemed a contract between the borough and McIntyre and his
successors.    This also is averred in the plaintiff's bill and not
denied in the defendant's answer.

3. I find as a matter of fact, that on October 16, 1897, John
P. McIntyre filed with the borough clerk an acceptance of the
provisions of the ordinance above cited.

4. I find, as a matter of fact, that soon after what is called
the Potter County Water Company, the plaintiff in this case,
was chartered, and that John P. McIntyre then assigned and

transferred all his right and interest to the privilege to him granted by said ordinance of October 16, 1897, to said company.

5. I find, as a matter of fact, that the ordinance above stated, in its first section, granted the right to John P. McIntyre, or his assigns, to lay all pipes necessary for the transportation of water for " public and domestic purposes " in said borough.

6. I find, as a matter of fact, that the line of pipe called the " iron line " had been previously constructed by private individuals in said borough and that having been transferred to the borough by the private parties, the said borough agreed to deliver to said McIntyre, the free and uninterrupted possession of said " iron line " and that McIntyre agreed to furnish water for fire purposes free for the fifteen hydrants then located in said borough, and that the borough agreed to rent of McIntyre such additional hydrants as might be necessary for fire protection for the term of the ordinance, and pay the said McIntyre or his successors an annual rental of $15 each for such additional hydrants.

7. I find, as a matter of fact, that soon after the acceptance of said ordinance, and the incorporation of the Potter County Water Company, that the said water company proceeded to construct and operate a water plant in the borough of Austin, laying pipes, putting in hydrants and furnishing water to the people of Austin for domestic purposes and to the public for fire purposes, said work being completed within one year as required and is being operated by the Potter County Water Company to the present date.

8. I find, as a matter of fact, that after the filing of the plaintiff's bill in this case, and the granting and service upon them of the rule to show cause why preliminary injunction should not issue, to wit: on June 17, 1901, the borough council passed an ordinance providing for an election to be held on July 30, for the purpose of determining whether an indebtedness of $19,769.40 should be incurred for the purpose of erecting a water system for said borough of such capacity as may be required to supply water for fire purposes and to supply its citizens with pure spring water for fire and domestic use.

9. I find that this election was advertised and held, and a majority voted in favor of such increase of indebtedness.

10. I find, as a matter of fact, that no actual work has yet been done upon the ground in the construction of said plant, but that the authorities of the borough intend so to do, and that the borough council has advertised for bids for bonds of the borough, the avails of the sale of said bond to be used in the construction of said plant.

11. I do not find from the evidence that the borough of Austin is indebted in any amount whatever, but I do find that the assessed valuation of said borough is $282,620.

12. I find that the iron line was turned over to the plaintiffs by the borough as was required by the ordinance of 1897, and was connected with the other lines of the plaintiff company and that the plaintiff has furnished water through the said lines as required by the ordinance of 1897.

13. I find, as a matter of fact, that sometime in the year 1893 or 1894 some citizens of Austin borough, who were styled the board of trade, entered into an agreement with the Messrs. Goodyear (a lumber manufacturing company at Austin), by which it was agreed that the committee should lay a pipe some half a mile or mile long down through the Goodyear piling grounds for the protection of his lumbermen from fire. In consideration of which the Goodyears were to locate car shops at Austin. This line was built and appears to have been connected with the plaintiff's lines. This line was not laid in the streets of Austin, but is entirely on the lands of Goodyear. It appears from the evidence to be managed and controlled by the Goodyears, and I do not find anything in the evidence connecting the Potter County Water Company with the transaction.

### FINDINGS OF LAW.

Answers to the request of the counsel for the plaintiffs, for findings of law:

1. That the facts proved in this case show such a contract and proceedings between the borough of Austin and the Potter County Water Company as prevents the borough from erecting a municipal water plant of its own for supplying itself with water for fire purposes or its citizens with water for

domestic purposes. *Answer :* This request is answered in the affirmative.

2. That the said borough cannot erect a municipal water plant to supply its citizens with water for domestic purposes or to supply for fire purposes under the provisions of the act of assembly approved May 3, 1901, P. L. 140, as the same is unconstitutional for the reason that the title gives no notice of the provisions contained in the second section of said act. *Answer :* This request is answered in the affirmative so far as to declare the second section of the act of 1901 so far as it attempts to avoid existing contracts, unconstitutional, but we decline to declare the whole of said act unconstitutional for the reasons assigned in this request.

3. That the borough cannot erect a municipal water plant to supply its citizens with water for domestic purposes, under the provisions of the act of assembly approved May 9, 1901, P. L. 140, as the same is unconstitutional for the reason that the second section of the same is unconstitutional. *Answer :* I affirm the third request so far as 'to declare that the second section of the act of 1901 unconstitutional as to contracts existing at the time of its passage.

4. That the borough cannot erect a municipal water plant to supply its citizens with water for domestic purposes or to supply water for fire purposes under the provisions of the act of assembly approved May 3, 1901, P. L. 140, for the reason that the said act is prospective only and does not apply to this case where a contract existed at the time of the passage of the act of assembly and is still in force ; that if the act should be held not to be prospective but to apply to this case, or cases like this where contracts existed for the supply of water between a borough and a water company at the time of the passage of the act and still existing, it is unconstitutional as impairing the obligation of contracts under the tenth section of the first article of the constitution of the United States. *Answer :* This request is affirmed so far as to declare the second section of the act of 1901 unconstitutional so far as it violates existing contracts.

### DISCUSSION.

This case is but a repetition of No. 1, September term, 1902.

In that case I have filed a short opinion giving my conclusions of the law as applicable as well to this case as to the one where it was filed.   It is difficult to tell why two cases should be brought and tried at great length between substantially the same parties, involving the same questions.   Such practice leads to confusion more than it aids in determining either law or facts.   The evidence was given in full in both cases, answers having been filed in both cases and at the last hearing it was agreed by and between the parties that the case should be decided by the court the same as though upon the final hearing of the bill as nothing could be gained by intermediate appeal.   I think the ordinance of October 16, 1897, construed with the acceptance by McIntyre and the subsequent construction and operation of the water plant concludes the borough.   It was an exercise of the right formerly in the borough, and the borough cannot disregard the contract and destroy the $40,000 invested in the water plant.   I think further that the second section of the act of assembly of 1901 is unconstitutional so far as it undertakes to effect the contract then existing between the water company and the borough, and that the plaintiff is entitled to an injunction restraining the borough from constructing a water plant either for fire or domestic service, as the ordinance, above cited, clearly applies to the one as much as the other.

The counsel for the plaintiff will prepare and submit an injunction in this case restraining the borough from constructing a water plant for the purpose of furnishing water either for fire or domestic service.

*Error assigned* was the decree of the court.

*W. I. Lewis*, with him *F. E. Baldwin*, for appellants.

*Walter Lyon*, of *Lyon, McKee & Mitchell*, with him *Seibert & Lillibridge*, for appellees.

PER CURIAM, May 18, 1903.

The decree of the court below in this case is clearly right for the very manifest reasons set out by the learned judge of that court in his opinion filed.   On that opinion the decree is affirmed.