# White Haven Borough, Appellant, *v.* White Haven Water Company.

*Corporations—Water companies—Limitation upon charges—Acceptance of new constitution and act of April 29, 1874—Boroughs.*

Where a water company incorporated in 1865, purchases the waterworks of a borough, and a provision in its charter that it shall not charge more than $10.00 per annum to any private family is a part of the contract of purchase, the water company cannot in 1899 by accepting the provisions of the constitution of 1873 and the corporation act of April 29, 1874, relieve itself from the limitation on charges to private families.

Argued April 14, 1904. Appeal, No. 59, Jan. T., 1904, by defendants, from decree of C. P. Luzerne Co., May T., 1900, No. 11, on bill in equity in case of White Haven Borough, S. W. Trimmer and G. W. Moyer, Taxpayers, v. White Haven Water Company. Before MITCHELL, C. J., DEAN, FELL, MESTREZAT and POTTER, JJ. Reversed.

Bill in equity for an injunction.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in dismissing the bill.

*S. J. Strauss*, with him *C. F. McHugh* and *J. T. Lenahan*, for appellant, cited: Trimmer v. White Haven Water Co., 4 Kulp, 293 ; In re Lange, 91 Fed. Repr. 361 ; In re Scheld, 104 Fed. Repr. 870 ; Dartmouth College v. Woodward, 17 U. S. 518 ; Hays v. Com., 82 Pa. 518 ; Com. v. Pittsburg, etc., R. R. Co., 58 Pa. 26.

*J. B. Woodward*, for appellee, cited: West Easton Spring Water Co., 9 Pa. Dist. Rep. 546 ; Wilkes-Barre v. Spring Brook Water Supply Co., 4 Lack. 367 ; Brymer v. Butler Water Co., 179 Pa. 331 ; Tyrone Gas & Water Co. v. Borough of Tyrone, 195 Pa. 566.

OPINION BY MR. JUSTICE POTTER, May 9, 1904:

The borough of White Haven, prior to 1865, had erected and was the owner of waterworks from which it supplied itself and furnished its citizens with pure water. The defendant, the White Haven Water Company, was incorporated by a special act of assembly approved February 27, 1865, P. L. 203, and the act of incorporation contained a proviso " that the said company shall not charge any private family more than ten dollars per annum for water, or the use thereof." The act further provided that the defendant company should purchase from the borough, and the borough was authorized to sell, its waterworks, at a price to be fixed by three disinterested persons in the manner set forth in the act. In pursuance of this permission, on September 2, 1865, the borough delivered a deed for its waterworks property to the defendant company at an appraised value.

On October 4, 1899, the defendant company by resolution

duly passed, accepted the provisions of the constitution of 1873 and the corporation act of April 29, 1874, and its supplements, and subsequently obtained letters patent from the governor. Shortly afterward the company raised its water rates, so that the charge upon many private families in the borough of White Haven exceeded the sum of $10.00 per annum. Whereupon, the borough and certain of the taxpayers therein, filed this bill, praying for an injunction to restrain the defendant company from charging to any private family more than $10.00 per annum for water.

The court below dismissed the bill, on the ground that the acceptance by the defendant company of the provisions of the constitution of 1873 and the act of April 29, 1874, relieved the defendant company from the necessity of any further compliance with the provision of the act of March 11, 1857, and that it was not thereafter subject to the restrictions of that act upon its charges for water furnished to private families.

The plaintiffs thereupon took this appeal, and among other errors specified, filed the following assignment: "15. Said court erred in affirming the defendant's first request for findings of law, which request was as follows:

"'1. The defendant by accepting the constitution (of 1873) and act of 1874, gave up all benefits and rid itself of all restrictions imposed upon it by the special act under which it was incorporated, and among others, the restriction on the water rate it might charge, to ten dollars per year.'"

By their eleventh assignment of error, the plaintiffs also complain of the refusal by the court below of their fifth request for findings of law, which was as follows:

"5. The restrictions upon the company's rights to charge water rents beyond a certain point created by the act, in pursuance of which the company purchased the water plant from the borough of White Haven, was a contract obligation upon the water company and created permanently a vested interest in the plant on behalf of the borough of White Haven and its citizens, who are its incorporators. This vested interest plaintiffs cannot be deprived of through the act of the defendant in adopting the provisions of the act of 1874."

We think that these assignments are well taken, as the trial court erred in its answer to both requests.

It cannot be doubted that when the borough of White Haven sold its waterworks to the defendant company, the transfer was made in contemplation of the fact that the charter of the defendant company contained a restriction which limited the charges to any private family to the sum of $10.00 per annum. This limitation can only be regarded as an element of weight in inducing the borough and its people to consent to the sale to a private company. The obligation thus imposed upon the company seems to have been unquestioned by it for many years, and it was not until 1899 that the defendant company seems to have conceived the idea that by an acceptance of the new constitution and of the act of April 29, 1874, it might be able to avoid further performance of its contract in this respect.

Whether or not the identity of the defendant company was changed by its acceptance of the benefits of the act of 1874, and a new corporation was thereby created, is not material to the present question. We are clear that among the privileges and immunities conferred by the act of 1874, there was not included any right to repudiate its contract with the people of the borough of White Haven. This contract limiting the price to be charged to a private family for the use of water, was one of the conditions upon which the waterworks were sold and transferred to it by the borough. It would be doing violence to the intention of the legislature to include within it the right to repudiate this obligation. If there had been any such intent, it would have been void. The legislature has no power, by creating a new corporation, to relieve a prior corporation of the obligations of an existing contract, or to divest an interest which has once vested. The defendant company could not be relieved from the obligation of its contract, either by an express enactment of the legislature or by the acceptance of a general statute.

The class of cases of which Gas & Water Co. v. Downingtown Boro., 175 Pa. 341, is an example, holding that the charter of a municipality is not a contract within the constitution, municipalities being mere agents of the state, does not apply to the present case. In such cases the rights of the state and its agent, the municipality, only are involved; whereas, in the present case, the contract affected is not between the munici-

pality and the state, but between the municipality and a third party; that is, between the borough and its citizens on the one hand, and the defendant company on the other.

Our cases, such as White v. Meadville, 177 Pa. 643, and Potter County Water Co. v. Austin Boro., 206 Pa. 297, show that the water companies have been quick to point out the unconstitutionality of certain acts of assembly which have infringed upon their contract rights. In the present instance, the shoe is upon the other foot. The water company is here seeking to escape from an obligation imposed upon it by its original charter and which was a condition of its existence when the borough sold and transferred its water plant to the defendant company.

There can be no good reason why the principle which has so often been invoked for the protection of the water companies, should not be here applied, to secure and maintain the rights of the public. The obligation to observe the terms of a contract is certainly not to be regarded as existing only upon the part of the municipality.

The tenth, eleventh, fifteenth, eighteenth and nineteenth assignments of error are sustained. The decree of the court below is reversed at the cost of the appellee. It is further ordered that the record be remitted to the court below, with direction that an injunction be issued to restrain the defendant company from increasing the water rents in the said borough beyond the price of $10.00 per annum to any private family, and from collecting such excess in any case, and from cutting off the water from private families who refuse to pay such increased rates.