# Borough of White Haven, Appellant, *v.* Public Service Commission.

*Public Service Company Law — Public Service Commission —
Water companies—Rates—Rate restrictions incorporated in char-
ter regulation—Jurisdiction of Public Service Commission.*

The regulation of rates to be charged for services by a water
company is under the control of the Public Service Commission
exercising the delegated police powers of the Commonwealth. It
is immaterial that the act of assembly creating the company con-
tained a provision limiting the amount to be charged for such serv-
ice.

Charters are granted to such corporations subject to the reserved
power of the Commonwealth to supervise and regulate the exercise
of their franchises, and included in this supervision and regula-
tion is the rate to be charged for service. The supervision and regu-
lation is brought into action in exercise of the police power of the
Commonwealth—a power which cannot be abridged or restricted
by contract.

The public service company legislation was intended to estab-
lish a complete system for the regulation, throughout the Common-
wealth, of rates to be charged by such companies.

Submitted March 14, 1922. Appeals, Nos. 15 and 16,
March T., 1923, by F. O. Haiges and Borough of White
Haven, from the order of the Public Service Commission
of the Commonwealth of Pennsylvania, in the case of
F. O. Haiges and Borough of White Haven v. White
Haven Water Company. Before ORLADY, P. J., PORTER,
HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.
Affirmed.

Complaint against White Haven Water Company on
account of increased rates effective August 31, 1921.

The complaints alleged that the increased rate was
illegal and unlawful because it was in excess of ten dol-
lars per annum which was the amount stipulated in the
company's charter to be charged for domestic service.

To these complaints respondent filed petitions to dismiss in the form of demurrers and, after argument, the commission sustained the petition and dismissed the complaints. Complainants appealed.

*Error assigned* was the order of the commission.

W. A. Valentine and R. J. O'Donnell, for appellants.

William B. Landis and Walter W. Kohler, for White Haven Water Company, intervening appellee.

Frank M. Hunter, Counsel, and John Fox Weiss, Assistant Counsel, for the Public Service Commission.

OPINION BY HENDERSON, J., April 16, 1923:

This case arises out of the same facts which were involved in Staples v. The Public Service Commission, 79 Pa. Superior Ct. 6. The parties complainant are different—the Borough of White Haven being a party in the present appeal, but the legal questions are identical. The appellant's position is clearly and strongly stated in the brief filed and is in substance that the Act of February 27, 1865, P. L. 203, incorporating the White Haven Water Company, and the action of the Borough of White Haven conveying its water works to the new corporation created a contract between the corporation and the Borough and its citizens which is still obligatory on the corporation, and that the proviso in the act of incorporation "that the said company shall not charge any private family more than $10 per annum for water, or the use thereof" is a limitation on the power of the corporation to increase its water rate which is still in force and not subject to the supervision of the Public Service Commission. The appellant relies on the decision in White Haven Borough v. Water Co., 209 Pa. 166, which was a proceeding in equity to restrain the company from increasing its water rate to families, be-

yond the maximum permitted by the charter. The contention in that case was whether the water company by accepting the provisions of the Constitution of 1873 and the Corporation Act of April 29, 1874, and its supplements, and obtaining letters patent from the governor, was released from the operation of the restrictions on rates contained in its original charter. It was held that among the privileges and immunities conferred by the Act of 1874, there was not included any right to repudiate its contract with the people of the Borough of White Haven. The reasoning of the court was that in selling the water works to the company, the borough became a party to the contract; one of the provisions of which was the limitation on the rate to be charged for private families, and that this contract was not impaired by the changed legal status of the water company. It is not pointed out just how the borough became a party to the charter obligation; that was a contract between the State and the corporation, as a result of which the corporation was subject to lawful and reasonable supervision and control by the State. The contract between the borough and the water company would seem to have been the sale of the property to the water company for the consideration agreed on. The assumption may be accepted that this sale was made with a knowledge that the company was limited to a maximum amount as to rates, but this was a limitation imposed by the State, not by the water company, and was a subject within the control of the State then and now. But granting the contention of the appellant as to the binding effect of the contract as between the company and the borough, the question now arising is of a very different character. It relates to the right of the Commonwealth to regulate the service of public service corporations and within the limits permitted by the Constitutions of the Commonwealth and of the United States to fix rates of compensation for services to be rendered to the public. That question was not discussed nor suggested in White Haven Borough v. Water Co., supra. It is therefore not an

authority decisive of the question here presented. If it have the conclusiveness contended for by the appellant however it must be considered to be overruled by later adjudications of the Supreme Court where questions of like character have been decided. The question is one of rate for service of a public service corporation. Charters are granted to such corporations subject to the reserved power of the Commonwealth to supervise and regulate the exercise of their franchise, and included in this supervision and regulation is the rate to be charged for service. This supervision and regulation is brought into action in exercise of the police power of the Commonwealth—a power which cannot be abridged or restricted by contract. The Public Service Company legislation was intended to establish a complete system for the regulation, throughout the Commonwealth, of rates to be charged by such companies. As such legislation is clearly within the capacity of the State, all special laws and contracts inconsistent with the exercise of this authority are repealed or abrogated thereby. That the limitation of the price to be charged by the water company for service to families was a regulation of rates is evident and that subject is now committed to the Public Service Commission by the legislature. The adjudications of the Supreme Court and of this court show how definitely the question at issue is disposed of: Leiper v. Balt. & P. R. Co., 262 Pa. 328; St. Clair Borough v. Tamaqua & Pottsville Elec. Ry. Co., 259 Pa. 462; City of Scranton v. Public Service Commission, 268 Pa. 192; York Water Co. v. York, 250 Pa. 115; Bellevue Boro. v. Ohio Val. Water Co., 245 Pa. 114; Relief Electric Light, H. & P. Company's Petition, 63 Pa. Superior Ct. 1; Jenkins Twp. v. Public Service Commission, 65 Pa. Superior Ct. 122; Boro. of Wilkinsburg v. Public Service Commission, 72 Pa. Superior Ct. 423. The cases cited are precedents which must control in the determination of this case.

The order of the Public Service Commission is affirmed and the appeal dismissed at the cost of the appellant.