## Pittsburgh Railways Company *v.* Pittsburgh, Appellant.

*Public Service Company Law — Public Service Commission — Grade crossing—Certificate of public convenience—Failure to procure—Courts—Jurisdiction—Powers—Equity—Injunction—Act of July 26, 1913, P. L. 1374.*

1. Since the passage of the Public Service Company Law, the courts have no jurisdiction to consider or adjudge issues involving

the propriety of opening a street at grade over the tracks of a street railway company until they come before them on appeal from an order of the Public Service Commission, and even then their powers are restricted by the limitations of the Act of July 26, 1913, P. L. 1374, and the established relevant rules governing the review of facts by appellate tribunals.

2. A municipality planned to open and improve three highways in such a manner that they would cross the tracks of a street railway company at grade. The street railway company filed a bill in equity to enjoin the proposed improvement, alleging that the street crossings as planned would constitute an unnecessary interference with its operations and prove dangerous to the public. It appeared that no application for a certificate of public convenience had been made, as required by the Public Service Company Law. The lower court found that the case was one within the jurisdiction of the Public Service Commission, but treated it as one within the jurisdiction of a court of equity and awarded a preliminary injunction. *Held,* that the court had no jurisdiction to determine the case on its merits, since the issues involved were matters within the jurisdiction of the Public Service Commission, and the record was remitted with directions to modify the decree so as to grant an injunction, providing that, if, on application to the Public Service Commission, a certificate of public convenience shall be granted the municipality, the injunction will be dissolved.

Argued Feb. 11, 1918. Appeal, No. 43, Oct. T., 1918, by defendant, from decree of C. P. Allegheny Co., April T., 1917, No. 504, awarding an injunction, in case of Pittsburgh Railways Company v. Pittsburgh. Before BROWN, C. J., POTTER, STEWART and MOSCHZISKER, JJ. Modified and affirmed.

Bill in equity for an injunction. Before REID, J.

The opinion of the Supreme Court states the facts.

The court on final hearing awarded the injunction, as prayed for. Defendant appealed.

*Error assigned* was the decree of the court.

*H. H. Hanna,* Assistant City Solicitor, with him *C. A. O'Brien* and *B. J. Jarrett,* Assistant City Solicitors, for appellant.

*John G. Frazer,* with him *Reed, Smith, Shaw & Beal,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, February 25, 1918:

The defendant city was about to open and improve three highways in such manner that they would cross certain of plaintiff's tracks at grade; whereupon the latter filed a bill in equity averring that, at the points in question, its railway consisted of an incline with tracks on which cars were raised and lowered by cables; that the street crossings, as planned, would constitute an unnecessary interference with the operation of this incline and prove highly dangerous to its public use. The court below granted a preliminary injunction "pending final hearing and disposition of the case"; defendant has appealed.

An opinion accompanying the order appealed from states: "The complainant rests its right to a preliminary injunction upon the Public Service Act of July 26, 1913, P. L. 1374, which provides for the crossing of railways, either above or below grade, and avers that defendant, not having secured the necessary authorization for such crossings from the Public Service Commission, cannot be permitted to make them."

The court below, after disposing of several questions involved in an attack upon the validity of the Act of 1913, supra, which are not raised here, and determining that this statute applies to the case in hand, instead of simply ascertaining whether or not the defendant had obtained a certificate of public convenience, and, when it had made a negative finding with reference thereto, restraining the municipality until the latter showed such authorization, proceeds in the opinion before us to the discussion of various matters of fact and law, which, while they may prove issues before the Public Service Commission, are not ripe for present consideration, and, hence, need no mention here; and then, judging from the order as-

signed as error, the learned chancellor apparently treats the case as one within his jurisdiction for final disposition on the merits, subject, in some indefinite degree, to the provisions of the Public Service Act.

Since the act just mentioned has become part of our statute law, in cases such as the one at bar, the courts have no jurisdiction to consider or adjudge the issues involved until they come to them on appeal, and even then their powers are restricted by the limitations of the act and the established relevant rules governing the review of facts by appellate tribunals: New Brighton Boro. v. New Brighton W. Co. & Beaver Valley W. Co., 247 Pa. 232, 240-2; Ben Avon Boro. v. Ohio Valley Water Co., 260 Pa. 289; St. Clair Boro. v. Tamaqua & Pottsville Elec. Ry. Co., 259 Pa. 462.

Here, the court below very properly examined the facts sufficiently to ascertain whether the case was one within the jurisdiction of the Public Service Commission, and correctly decided in the affirmative (see Sections 12, 18, 19 and 29, Article V, of the Act of 1913, supra, and other relevant sections). After reaching this conclusion, the learned chancellor had power to grant such an injunction as would maintain the status quo and afford the defendant municipality an opportunity of petitioning for due authority to proceed with its contemplated improvement, but no greater right; and, with this limitation in view, the court below should have stated in its decree that, if, on application to the Public Service Commission, a certificate of public convenience should be granted, the injunction would forthwith be dissolved. Had the course suggested been pursued, the court would have performed its full duty in accordance with the practice approved by us in Bethlehem City W. Co. v. Bethlehem Borough (No. 2), 253 Pa. 333, a recent authority which seems to have been entirely overlooked by all engaged in the present case.

St. Clair Boro. v. Tamaqua & Pottsville Elec. Ry. Co., supra, a rate case, cited by appellant, in no sense

conflicts with our decision at bar as to the right of the Common Pleas to give the restricted measure of relief just indicated. In order to grant the injunction which was refused in the St. Clair case, the chancellor would have been obliged, in the first instance, to exercise jurisdiction vested in the Public Service Commission, and this after a schedule of increased rates had been duly lodged with that body; whereas, here, and in other like cases, limited relief by way of injunction, to maintain the status quo pending an application to the commission, can be granted without in any way encroaching upon the jurisdiction of the latter tribunal.

While the hearing in this case was on an application for a preliminary injunction, yet the court below appears to have gone into the matter as thoroughly as necessary for present purposes; and, since the Common Pleas lacks jurisdiction in the premises, save as already suggested, no good purpose will be served by a further hearing. Public interests are involved; so, in order to save time, we have concluded to enter the following order:

Immediately upon return of this record, the court below is directed to modify its decree granting an injunction, by eliminating therefrom all reference to a final hearing and adding thereto a provision that, if, on application to the Public Service Commission, a certificate of public convenience shall be granted the defendant municipality, the injunction will be dissolved. The costs of this appeal are to be divided.