## Pennsylvania-New Jersey Railway Co. v. Ellin.

*Equity—Injunction—Common carriers—Competing bus line—Certificate of public convenience—Interstate commerce.*

1. The court will grant an injunction upon the petition of a street railway company to enjoin the operator of a competing bus line from operating any autobus, etc., for the transportation of passengers for hire until such operator has obtained a certificate of public convenience from the Public Service Commission.

2. The injunction will be granted even though the defendant's autobus line extends into an adjoining state and is engaged in interstate commerce, if there is no Federal legislation inconsistent with the granting of the same.

Injunction. C. P. Bucks Co., April T., 1921, No. 2, in Equity.

*Harman Yerkes*, for plaintiff; *Gilkeson & James*, for defendant.

RYAN, P. J., July 11, 1921.—The bill prays for an injunction to restrain the defendant from the operation of an autobus, taxicabs or other vehicles for the conveyance of passengers and property for hire, between a point in the Borough of Morrisville, Pennsylvania, and a point in the City of Trenton, New Jersey, in competition with the plaintiff company, until the defendant shall obtain a certificate of public convenience from the Public Service Commission of Pennsylvania. In the absence of an answer or demurrer, the bill must be taken *pro confesso.*

### Findings of fact.

From the pleadings and the evidence before the court upon the preliminary hearing the following facts are found:

1. The plaintiff is a street railway company, chartered under the laws of the State of Pennsylvania, and operates, manages and controls a street railway for public use in the conveyance of passengers and property, a part of which extends from the intersection of Pennsylvania Avenue and Bridge Street, in the Borough of Morrisville, over and along said Bridge Street to Mill Street; thence over and along Mill Street to Trenton Avenue; thence

over and along Trenton Avenue and over and along the Calhoun Street Bridge, crossing the Delaware River, to Calhoun Street, in the City of Trenton, New Jersey; thence over and along said Calhoun Street to Hanover Street, and over and along Hanover Street to its intersection with Warren Street, in said city.

2. The defendant, at the date of the filing of the bill and for a period of about two years prior thereto, operated an autobus for the conveyance of passengers, as a common carrier, for profit, from the intersection of Pennsylvania Avenue and Bridge Street, in the Borough of Morrisville, over and along said Bridge Street to the free public bridge across the Delaware River; thence along and over the same to the City of Trenton, New Jersey, and thence by Warren Street to Front Street, and by Front Street to Broad Street, in said city.

3. In the Borough of Morrisville the defendant operates his autobus over a route parallel with that of the plaintiff company for a distance of 300 feet, to wit, from the intersection of Pennsylvania Avenue and Bridge Street, along and over Bridge Street to its intersection with Mill Street.

4. The defendant's autobus crosses the Delaware River about one mile below the Calhoun Street Bridge, upon which the plaintiff's cars cross.

5. The route of the defendant's autobus terminates at a point about two-fifths of a mile from the terminus of the plaintiff company's railway, in the City of Trenton.

6. The operation of the defendant's autobus was in competition with the business of the plaintiff's railway, and resulted in a substantial and continuing diminution of its income from the conveyance of passengers between the Borough of Morrisville, Pennsylvania, and the City of Trenton, New Jersey.

7. No certificate of public convenience has been issued by the Public Service Commission to the defendant.

## *Discussion.*

It clearly appears that the defendant's business of transporting passengers from the Borough of Morrisville, Pennsylvania, to the City of Trenton, New Jersey, is interstate commerce, conducted in competition with the business of the plaintiff company. Congress is authorized to legislate with respect to this kind of passenger transportation, but has never done so: Chambersburg, Greencastle & Waynesboro Street Ry. Co. *v.* Hardman, Order Public Service Commission, 9 Pa. Corp. Repr. 355. In the absence of Federal regulation, the jurisdiction of the State over traffic within its borders necessarily remains. In Franke *v.* Johnston Fuel Co., 70 Pa. Superior Ct. 446, the Superior Court declares: "The power of Congress to regulate commerce among the states is supreme, and as to those subjects which require a general system or community of regulation, its power is exclusive, and in subjects admitting of diversity of treatment according to the special requirements of local conditions, although the states may act within their respective jurisdiction until Congress sees fit to act, when Congress does act, the exercise of its authority overrules all conflicting state legislation. Within these limitations, however, there remains in the state a wide field for the lawful exercise of authority appropriate to territorial conditions until Congress acts, although interstate commerce may be affected. Where the subject is one peculiarly of local concern, and from its nature belongs to the class with which the state appropriately deals in making reasonable provision for local needs, it cannot be regarded as left to the unrestrained will of individuals because Congress has

not acted, although it may have such relation to interstate commerce as to be within the reach of Federal power." It follows, therefore, that the defendant's business of transporting passengers for hire as a common carrier, so far as it is carried on within the borders of this State, is subject to the regulation and control of the Public Service Commission of this Commonwealth, under the Public Service Company Law, and may not be engaged in by the defendant without first obtaining from the commission the certificate of public convenience provided for by the statute. In Chambersburg, Greencastle & Waynesboro Street Ry. Co. v. Hardman, Order Public Service Commission, 9 Pa. Corp. Repr. 355, Ainey, chairman, says: "That law does not prohibit common carriers of passengers or property from engaging in interstate transportation, but requires, in the interest of the public welfare and safety, that those proposing to engage in it within the Commonwealth shall first secure from this commission certificates of public convenience. The commission is charged with the duty of ascertaining in each instance, before granting a certificate, that public safety, convenience, necessity and accommodation are assured, and if the applicant fails by evidence to establish his personal fitness and qualifications, the sufficiency and adequacy of his equipment, his ability to provide for public convenience and the necessity for the service, etc., his application is refused; otherwise it is granted." Where either an individual or a corporation attempts to engage in a line of business that is subject to the regulation and control of the Public Service Commission, without first obtaining from the commission its certified approval, which is a condition precedent to the carrying on of such business required by law, he or it may be restrained by the proper Court of Common Pleas from so doing until such certificate from the commission shall be obtained. In Bethlehem City Water Co. v. Bethlehem Borough (No. 2), 253 Pa. 333, the power of the court below to restrain by injunction the defendant borough from extending its water main into a locality served by the plaintiff company until the defendant obtained from the Public Service Commission a certificate of public convenience was sustained. In Pittsburgh Rys. Co. v. Pittsburgh, 260 Pa. 424, the city was enjoined from constructing several grade crossings across the tracks of the plaintiff company until the municipality obtained a certificate of public convenience from the commission. We, therefore, reach the following

*Conclusions of law.*

1. The business of transporting passengers for hire, between the Borough of Morrisville, Pennsylvania, and the City of Trenton, New Jersey, as carried on by the defendant, C. B. Ellin, at the time of the granting of the preliminary injunction, is unlawful.

2. The Public Service Commission of this Commonwealth has the authority to permit the carrying on of such business by issuing to the said C. B. Ellin a certificate of public convenience.

3. In the absence of such a certificate from the Public Service Commission, this court has the power to restrain the said C. B. Ellin by injunction from engaging in and conducting the business of transporting passengers and property for hire, between the Borough of Morrisville, Pennsylvania, and the City of Trenton, New Jersey, in competition with the plaintiff, Pennsylvania-New Jersey Railway Company.

4. The plaintiff, Pennsylvania-New Jersey Railway Company, is entitled to the relief prayed for.

And now, to wit, July 11, 1921, this cause came on to be heard at this term and was argued by counsel, and upon consideration thereof, it is ordered,

adjudged and decreed as follows: The preliminary injunction heretofore granted herein is made permanent, and the said C. B. Ellin, the defendant, is enjoined and restrained from operating any autobus, taxicab or other vehicle for the transportation of passengers and property for hire, as a common carrier, along and over Bridge Street, in the Borough of Morrisville, Pennsylvania, and the free bridge between said borough and the City of Trenton, New Jersey, between the intersection of Pennsylvania Avenue and Bridge Street, in said Borough of Morrisville, and the line between the States of Pennsylvania and New Jersey, provided, however, that if, on application to the Public Service Commission, a certificate of public convenience shall be granted to said defendant, this injunction will be dissolved. Let the prothonotary enter this decree *nisi* and give notice to the parties or their counsel.

From Calvin S. Boyer, Doylestown, Pa.