# York Water Company *v.* York, Appellant.

*Corporations—Public service corporations—Water companies— Municipalities—Regulation of companies — Constitutional law — Conflict of statutes—City and State supervision of public service corporations—Public Service Commission—Act of June 27, 1913, P. L. 568—Act of July 26, 1913, P. L. 1374.*

1 Under clause 31, Section 3, Article V, of the Act of June 27, 1913, P. L. 568, relating to cities of the third class and providing for certain regulations and inspections of public service. corporations, a city of the third class is without power to pass an ordinance compelling the installation of meters by and at the cost of a water company when requested so to do by any consumer without charge or expense to the consumer making the demand, the purpose of the ordinance being expressly to prevent the exaction of unjust and exorbitant charges from certain classes of consumers, as this section of the act, in so far at least as the powers conferred upon cities to regulate the powers of public service corporations are involved, was repealed by the Act of July 26, 1913, P. L. 1374, known as the Public Service Company Law.

2. The Public Service Company Law was intended to establish a complete and uniform system throughout the State for the enforcement of such powers as were conferred upon the Public Service Commission by that statute and even if the act did not, as it does, so provide in express terms it would operate as a repeal of former statutes inconsistent with its provisions.

3. Although cities of the third class, or of any other class, may under their police power prescribe reasonable regulations as a protection to the health, lives, property and safety of their inhabitants, even as applied to public service corporations, they cannot under the guise of a police regulation undertake to determine the reasonableness of rates charged by public service corporations, nor can they prescribe regulations relating to facilities, service and business of such corporations. These are the functions of the Public Service Commission and must be so regarded.

Argued May 19, 1915. Appeal, No. 214, Jan. T., 1915, by defendant, from decree of C. P. York Co., In Equity, January T., 1915, No. 2, awarding an injunction in case of York Water Company v. City of York. Before

BROWN, C. J., POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Bill in equity for an injunction to restrain defendant city from enforcing an ordinance: Before WANNER, P. J., and ROSS, J.

The opinion of the Supreme Court states the case.

The court issued a perpetual injunction restraining the defendant from enforcing the ordinance complained of.   Defendant appealed.

*Error assigned,* inter alia, was the decree of the court.

*W. F. Bay Stewart,* of *Stewart & Gerber,* with him *John L. Rouse,* City Solicitor, for appellants.

*C. LaRue Munson,* of *Candor & Munson,* with him *Richard E. Cochran,* of *Cochran, Williams & Kain,* for appellees.

OPINION BY MR. JUSTICE ELKIN, May 26, 1915:

The bill in the present case seeks to enjoin the City of York from enforcing certain ordinances passed for the purpose of regulating the measuring of water supplied to consumers, requiring the installation of meters by the water company under certain conditions and prescribing penalties for failure to comply with the provisions of said ordinances.   The city asserts the right to thus regulate the furnishing of water to the public under clause 31, Section 3, Article V, of the Act of June 27, 1913, P. L. 568.   This act provides for the incorporation, regulation and government of cities of the third class, and was intended to repeal, consolidate and extend existing laws in relation thereto.   Clause 31, under which this controversy has arisen, provides as follows:

"To regulate the weighing and measuring of every commodity sold in the city, in all cases not otherwise provided by law, including the measuring of gas, water

and electric current; and for the regulation and stamping of weights and measures and the regulation and inspection of gas, water and electric current meters and other meters."

Under this limited grant of power the city attempts to compel the installation of meters by and at the cost of the water company, when requested so to do by any consumer without charge or expense to the consumer making the demand. In the third section of the ordinance as amended it is provided that its provisions shall not apply to any consumer who "is charged a minimum flat rate of $5.00 or less per annum." In the preamble it is recited that the existing classification of consumers by the water company results in the exaction of unjust and exorbitant charges from certain classes of consumers, to prevent which the ordinance was passed. Here then we have the expressed intention of the municipality to regulate the affairs of the water company so that "unjust and exorbitant charges" may not be exacted from consumers. Has the city the power to do this thing under existing law; and if not, why not? The water company gives several reasons for answering this question in the negative. For the purposes of the case at bar it will only be necessary to discuss one of the reasons relied on by learned counsel for appellee to sustain their contention. It is that a water company being a public service corporation is subject to the control and supervision of the Public Service Commission under the Act of July 26, 1913, P. L. 1374, and that all former acts or parts of acts, inconsistent therewith or supplied thereby, were repealed by the Public Service Company Law. The repealing clause of this act does so provide in express terms, and it necessarily follows that if clause 31, Section 3, Article V, of the Act of June 27, 1913, providing for incorporation and regulation of cities of the third class, is inconsistent with or is supplied by the Public Service Company Law, being the later statute, it is repealed thereby. There can be no doubt that if the city has the power to

do what it asserts the right to do under the ordinances by clause 31, it is in conflict with the supervisory powers of the Public Service Commission; and if there is a conflict of powers, there is an inconsistency between the two statutes within the meaning of the repealing clause. The Public Service Company Law was intended to provide a complete system for the supervision and regulation of public service corporations, and the intention .of the legislature to repeal or supply all former acts inconsistent therewith is clearly expressed in the language of the statute. The purpose of the ordinances in question here was to prevent what was declared to be the exaction of unjust and exorbitant charges from a certain class of consumers, but this is a subject clearly within the powers of the Public Service Commission, and hence we are confronted with the situation that both bodies are vested with the same powers or that one must give way to the other. There should be no difficulty in deciding which horn of the dilemma the legislature intended to be taken. There can be no reasonable doubt that the legislative intention was to make the Public Service Act the supreme law of the State in the regulation and supervision of public service corporations, and this being so, it follows as a necessary sequence that all laws inconsistent with the powers thus conferred must be held to be repealed or supplied thereby. When there is a conflict between a prior and subsequent statute, the presumption is that the latter repeals the former: Spees v. Boggs, 204 Pa. 504. It has even been held that a subsequent statute revising the subject-matter of a former statute, and evidently intended as a substitute for it, although it contains no express words to that effect,, operates to repeal the former: Fort Pitt Building & Loan Ass'n v. Model Plan Building & Loan Ass'n, 159 Pa. 308. Many other cases may be cited to the same general effect. The Public Service Company Law was intended to establish a complete and uniform system throughout the State for the enforcement of such powers as were conferred upon the

Public Service Commission by that statute, and even if the act did not so provide in express terms it would operate as a repeal of former statutes inconsistent with its provisions. It, however, does contain express words of repeal and thus the legislative intention is more clearly indicated. Our conclusion is that the Public Service Company Law repeals clause 31, Section 3, Article V, of the Act of June 27, 1913, P. L. 568, in so far at least as the powers conferred upon cities of the third class to regulate the affairs of public service corporations are involved.

We do not mean to be understood as saying that cities of the third class, or of any other class for that matter, may not under their police powers prescribe reasonable regulations as a protection to the health, lives, property and safety of their inhabitants, even as applied to public service corporations. But such regulations are incidents of the police power and must be so restricted. Under the guise of a police regulation cities cannot undertake to determine the reasonableness of rates charged by public service corporations, nor can they prescribe regulations relating to the facilities, service and business of such corporations. These are the functions of the Public Service Commission and must be so regarded. The legislature has so declared and what the law making body does within the limit of its powers becomes a rule of action binding upon all branches of government, state or municipal, and upon the people as well.

Several other interesting questions have been raised by this appeal, but we do not deem it necessary to enter into a discussion of them at this time. What has been said is sufficient for the purposes of the present case and it would only prolong the opinion to express our views upon other questions which at most could only add additional reasons to sustain the conclusion reached.

Nothing contained in any of the assignments, or suggested in the printed argument, is sufficient to constitute reversible error.

Decree affirmed at the cost of appellant.