# Bethlehem City Water Company v. Bethlehem Borough, Appellant, (No. 2).

*Equity—Equity jurisdiction—Public service corporations—Public service company law—Boroughs—Municipal water plants—Extension.*

1. Where the subject-matter of a suit is situated within another state or county but the parties are within the jurisdiction of the court, a suit may be maintained and remedy granted which directly affects and operates upon the person of the defendant, and not upon the subject-matter, although the subject-matter is referred to in the decree and the defendant is ordered to do or to refrain from doing certain acts toward it and it is thus ultimately but indirectly affected by the relief granted.

2. Before a borough can lawfully extend its water mains through a locality which is being supplied by a water company, the borough must first establish that it has obtained the approval of the Public Service Commission, evidenced by a certificate of public convenience, or that, at the time when the Public Service Company Law became effective, the borough had by authority of law commenced the construction of water mains in the new locality.

3. In a suit in equity to restrain a borough from locating water mains in a territory situated in another county and theretofore supplied by plaintiff water company, an injunction was properly granted where it did not appear that prior to the passage of the Public Service Company Law defendant had commenced the construction of its mains within the territory affected, or that it had obtained the permission of the Public Service Commission to supply such territory with water.

Argued March 6, 1916. Appeal, No. 269, Jan. T., 1915, by defendant, from decree of C. P. Northampton Co., June T., 1914, No. 2, in equity, awarding an injunction, in case of Bethlehem City Water Company v. The Bor-

ough of Bethlehem. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Bill in equity for an injunction. Before STEWART, P. J.

The opinion of the Supreme Court states the facts.

The court on final hearing awarded an injunction as prayed for in the bill. Defendant appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and law of the hearing judge, and the decree of the court.

*George R. Booth,* for appellant.—The Court of Common Pleas of Northampton County has no jurisdiction in equity to entertain the suit.

The plaintiff's sole remedy was to apply to the Public Service Commission.

*J. Davis Brodhead,* with him *H. J. Hartzog,* for appellee.—The defendant having failed to obtain the approval of the Public Service Commission to the extension of its municipal water plant into a territory now supplied by plaintiff, cannot lawfully enter therein: Consolidated Water Company's Petition, 1 Pa. Corp. Rep. 190.

The Court of Common Pleas of Northampton County has jurisdiction in equity to entertain this suit: Schmaltz v. York Manufacturing Co., 204 Pa. 1.

OPINION BY MR. JUSTICE MOSCHZISKER, April 17, 1916: This is an appeal from an injunction decree.

The facts concerning the formation of both the plaintiff company and the defendant borough are fully set forth in Bethlehem City Water Co. v. Bethlehem Borough, 231 Pa. 454, a prior litigation between the parties to this suit. It will be sufficient for present purposes to summarize the material findings made by the court below thus: the Borough of Bethlehem was formed in 1904 by

a consolidation of the former Borough of West Bethlehem, in Lehigh County, and the old Borough of Bethlehem, in Northampton County; the particular locality involved in the present controversy is situated in West Bethlehem; this neighborhood has been supplied with water exclusively by the plaintiff company and its predecessors continuously for at least thirty years, for both domestic and municipal purposes, and before the present cause of action arose there were no municipal water mains or pipes laid therein; the old Borough of Bethlehem was possessed of a water plant, and one of the objects of the consolidation was that West Bethlehem might obtain a municipal water supply; after the consolidation, November 7, 1911, an increase of indebtedness was authorized, in order to erect new water works, and bonds were issued; "no part, however, of the money raised by this issue was expended for extensions of the municipal water plant on the West Side, which was formerly the Borough of West Bethlehem"; in 1912, the defendant sank two artesian wells, built a new pumping station and laid some new mains, within the old Borough of Bethlehem; "the evidence shows that the borough's intention was to make extensions by the piece, when it had funds to do so," and that it did not make any plans or contracts, or take any official action, toward supplying, or expressing its intention to supply, the particular part of its territory here in question, till 1914; on April 20 of that year, the defendant made a written agreement with certain contractors to lay pipes in West Bethlehem, with the evident intention of entering into competition with the plaintiff company for the sale of water in that district; about April 28, 1914, these contractors commenced work by placing water pipes under several streets in West Bethlehem, paralleling the lines of the plaintiff company; whereupon the latter filed its bill in equity, averring, inter alia, the foregoing facts, and that the defendant had not applied for a certificate of public convenience from the Public Service Commission before undertaking

this new extension into territory then supplied by the plaintiff company; an injunction was decreed, as prayed for in the bill, the court particularly stating, however, that if, on application to the Public Service Commission, a certificate of public convenience should be granted, the injunction would be dissolved. The defendant has appealed.

The principal questions involved are these: (1) Did the court below have jurisdiction to issue the injunction? (2) Since the Public Service Act of July 26, 1913, P. L. 1374, went into effect, can a municipal corporation, without the approval of the Public Service Commission, evidenced by certificate of public convenience, extend its municipal water plant by new construction into territory which is then being supplied by a public service company?

The Act of April 14, 1905, P. L. 155, Sec. 2, provides that, where a borough is formed by the consolidation of two boroughs lying in different counties, "for all municipal purposes of government and control," it shall be deemed and considered under and within the jurisdiction of the court of that county in which is situate the borough first incorporated. If this act applies, since, of the two boroughs forming the consolidation, the old Borough of Bethlehem was the one first incorporated, it being located in Northampton County, the court below undoubtedly would have jurisdiction in the present case; but it is not necessary to decide whether or not the act controls, for it is a well settled principle that, "Where the subject-matter is situated within another state or county, but the parties are within the jurisdiction of the (particular) court, any suit may be maintained and remedy granted (therein) which directly affect and operate upon the person of the defendant, and not upon the subject-matter, although the subject-matter is referred to in the decree, and the defendant is ordered to do or to refrain from certain acts toward it, and it is thus ultimately but indirectly affected by the relief granted" (3 Pomeroy's Eq-

uity Jurisprudence, Sec. 1318; see also Schmaltz v. York Manufacturing Co., 204 Pa. 1; Newman v. Shreve, 229 Pa. 200; Kane & Elk R. R. Co. v. Pittsburgh & Western R. R. Co., 241 Pa. 608); and the Public Service Act of 1913, supra, by Article V, Section 29, expressly states, "Except as herein otherwise provided, nothing in this act contained shall in any way abridge or alter the existing rights of action or remedies in equity or under the common or statutory law of the Commonwealth, it being the intention that the provisions of this act shall be cumulative and in addition to such rights of action and remedies." Hence, from any point of view, it is clear the court below had jurisdiction to issue the injunction here complained of.

On the second question, the Public Service Act of 1913, supra, became effective January 1, 1914. By Article III, Section 3, thereof, it is provided as follows: "Upon like approval of the commission first had and obtained, as aforesaid, and upon compliance with existing laws, and not otherwise, it shall be lawful.....for any municipal corporation to acquire, construct or begin to operate any plant, equipment or other facilities for the rendering or furnishing to the public of any service of the kind or character already being rendered or furnished by any public service company within the municipality. Provided, however, That nothing herein contained shall interfere with or affect the right or power of a municipal corporation to continue the operation of its municipal plant, or to extend the same, within the territory of such municipal corporation, or any part thereof, which is not then being supplied by a public service company rendering or furnishing service of a like kind or character: And provided further, That any municipal corporation which, at the time this act becomes effective, has, by authority of law, in process of construction any such plant for the rendering or furnishing to the public of any such service, may proceed with and complete the said construction, and begin to operate the same, without the aforesaid ap-

proval of the commission first had and obtained." In view of this act, we agree with the appellee that before the defendant can lawfully extend its water mains to the locality here in controversy, which is now being supplied by the plaintiff company, it must first establish "(a) that it has obtained the approval of the Public Service Commission of Pennsylvania, evidenced by its certificate of public convenience, or (b) that, at the time the Public Service Company Act became effective, to wit, January 1, 1914, the borough had, by authority of law in process of construction, the pipe-line extension complained of in the plaintiff's bill."

Since it is admitted that the borough has not obtained the necessary official approval, and it is established as a fact by the findings of the chancellor that at the time the Act of 1913, supra, became effective the defendant had not "in process of construction" the extension of its plant now complained of, we conclude that the court below did not err in issuing the injunction.

There is nothing in the former adjudication between the parties to these proceedings, reported in Bethlehem City Water Co. v. Bethlehem Boro., 231 Pa. 454, which controls the questions here involved. While several other points are discussed in the paper books, those which we have dwelt upon are the only ones material to our present determination; hence, we confine our rulings thereto.

The assignments of error are overruled, and the decree is affirmed at the cost of the appellant.