# Fogelsville & Trexlertown Electric Co. *v.* Pennsylvania Power & Light Co., Appellant.

*Public service companies—Electric companies—Jurisdiction of Public Service Commission—Equity—Quo warranto—Public policy—Government agency—Act of March 21, 1806.*

1. It is exclusively within the legislative power to determine what the public policy of the Commonwealth shall be, or it may designate an agency of the government to determine the policy.

2. When an agency of the government is selected or created for that purpose, no other body, judicial, executive or municipal can step in, and, by decree, order, ordinance or otherwise, actively enforce the policy or do other acts in relation thereto, except possibly to sustain the legislatively created or designated body. The Act of March 21, 1806, 4 Sm. L. 332, applies.

3. By act of assembly, the Public Service Commission is the designated government agency to enforce its declared public policy as to all matters relating to rights, facilities, service and other correlated matters of a public service company.

4. The powers of control or regulation, or whatever authority the courts, in other days, may have possessed over public service companies are supplanted by the Public Service Commission.

5. A public service company, whose territory is wrongfully invaded by another company, has its proper remedy by complaint to the Public Service Commission, and not by a bill in equity under the Act of June 19, 1871.

6. The commission, on such complaint, may determine whether the offending company is a public service company doing business in the State, authorized by law to engage in such business within

the place complained of, the character of the business and whether, in view of a certificate of public convenience granted to the complaining company, such service is necessary for the safety, accommodation or convenience of the public.

7. If a public service company has brought a bill in equity to restrain another company from wrongfully invading its territory, and an injunction has been granted in the lower court, the Supreme Court, on appeal, will modify the decree, so as to preserve the status quo for thirty days to enable the complaining company to apply to the Public Service Commission for such order or action as will further preserve the status quo until final determination.

Argued March 14, 1921.    Appeal, No. 283, Jan. T., 1921, by defendant, from decree of C. P. Lehigh Co., April T., 1918, No. 2, on bill in equity, in case of Fogelsville & Trexlertown Electric Co. v. Pennsylvania Power & Light Co.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Decree modified.

Bill in equity for injunction.   Before GROMAN, P. J.

The opinion of the Supreme Court states the facts.

The court entered a decree for complainant.   Defendant appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Reuben J. Butz,* of *Butz & Rupp,* with him *Thos. J. Perkins,* for appellant.

*James F. Henninger,* with him *Silas R. Rothermel,* for appellee.

*John Fox Weiss,* with him *Frank M. Hunter,* for the Public Service Commission.—The Public Service Commission had sole jurisdiction: St. Clair Boro. v. Ry., 259 Pa. 462; Bellevue Boro. v. Ohio Valley Water Co., 245 Pa. 114; Leiper v. R. R., 262 Pa. 328; V. & S. Bottle Co. v. Gas Co., 261 Pa. 523; Klein-Logan Co. v. Light Co., 261 Pa. 526; Scranton City v. Commission, 268 Pa.

192; Bethlehem City Water Co. v. Boro., 253 Pa. 333; Pittsburgh Rys. Co. v. Pittsburgh, 260 Pa. 424.

OPINION BY MR. JUSTICE KEPHART, July 1, 1921:

The Pennsylvania Power & Light Company was created June 6, 1913, by the consolidation of thirty-eight electric companies,—one of its constituents having been incorporated in 1911,—to furnish light, heat and power in the Township of Macungie, Lehigh County. No effort was made to comply with its charter obligations in this township until November 12, 1917, although it is proven sufficient facilities were provided at the base of operations to take care of this township, as well as any enlarged or extended business. However, before November 12th, a number of citizens, desiring to supply a demand in the township for light, heat and power, organized plaintiff company and, against the protest of defendant, secured a certificate of public convenience from the Public Service Commission on August 7, 1917. Thereupon the Pennsylvania Company got busy and within four months built a transmission line over a public highway into this township and began to furnish service March 12, 1918. This exercise of corporate powers in the township,—crossing and using highways with their facilities, and all matters in connection therewith,—was without the approval of the Public Service Commission, evidenced by its certificate of public convenience. Plaintiff company filed a bill, under the Act of 1871, to restrain the Pennsylvania Company from further construction of its pole line, and to remove all instrumentalities from the township. The court below, after hearing, directed an injunction to issue, requiring defendant to remove the pole line and abandon its service therein; hence this appeal.

The various contentions come to this: Inasmuch as defendant is a corporation incorporated prior to the passage of the Public Service Act, and as the determined policy of the Commonwealth is to restrain competition

by procuring adequate service at reasonable rates through the regulation and control of the company already on the ground furnishing service, and as the commission has decided it is without power to limit the operating field of a company incorporated before the act, in order that this declared public policy as to utilities may not be a dead letter, it is incumbent on the court to enforce it. This may be done by declaring, under the Act of 1871, under circumstances such as here, the unused, unexercised franchises of such public service company were abrogated by the subsequent order of the Public Service Commission giving to another concern, willing to supply that field, the right and power to do so. Without franchise the old company could not compete.

It is exclusively within the legislative power to determine what the policy of the Commonwealth shall be, or it may designate an agency of the government to determine that policy. Such policy may, in itself, become a matter for judicial determination as contravening a constitutional inhibition or for other cause within judicial cognizance. But the legislature has the power to determine who shall promulgate and enforce its declared public policy, and, when an agency of the government is selected or created for that purpose, no other body, judicial, executive or municipal, can step in and, by decree, order, ordinance or otherwise, actively enforce the policy or do other acts in relation thereto, except possibly to sustain the legislatively created or designated body. By act of assembly, the Public Service Commission was the designated government agency to enforce its declared public policy, whether that policy originated by statute or was created by the commission. It is an arm of the state government, created for the benefit of the people as well as the utilities it in part controls. There has been placed under the regulation, supervision and control of the commission, generally, all matters relating to rights, facilities, service and other correlated matters of a public service company. By this act a complete system

in itself is presented to enforce such powers: York Water Co. v. York, 250 Pa. 115, 118. Courts were not intended to be the administrative tribunal for this purpose. The commission has not decided this appellant is not within its regulatory control, and may not be compelled to respond to a complaint filed against it. Plaintiff had a full and complete remedy to prevent any encroachment or wrongful use of territory by defendant. Being a public service company, it could complain (section 6 of article VI) against defendant when it did an act forbidden or that it had no power to do,—such acts as are within the field of the commission's control and subject to inquiry. The powers of control or regulation, or whatever authority the court may, in other days, have possessed over these concerns, are supplanted by the Public Service Commission. It was so decided in Rochester B. & L. Assn. v. Beaver Valley Water Co., 68 Pa. Superior Ct. 122; York Water Co. v. York, supra; St. Clair Boro. v. Tamaqua & P. E. Ry. Co., 259 Pa. 462; Bellevue Borough v. Ohio Valley Water Co., 245 Pa. 114; City of Scranton v. P. S. C., 268 Pa. 192.

It must not be understood, however, the act takes from the courts all jurisdiction over public service companies. On the contrary, all acts of this body are subject to judicial scrutiny, but through the channel ordained by the legislature and as set forth in article VI of the Public Service Act. The tribunal of first instance as to relations between public service companies and the public is the commission, not the court; and as the public is affected by conditions in this township through service, etc., and as the act specifically authorizes one service company to complain against another, the commission was the proper tribunal to hear the cause.

The Pennsylvania company suggests it is not necessary to secure a certificate of public convenience before exercising its rights in this township, and, being incorporated in 1913, there is no jurisdiction in the commission to exclude it from engaging in business in this township;

if it is exceeding its powers, quo warranto is the proper remedy.

To sustain the first and second propositions, decisions of the Public Service Commission are cited, and various sections of the Public Service Act, particularly section 2, article III, and section 12, article III, with court decisions: Pennsylvania Utilities Co. v. P. S. C., 69 Pa. Superior Ct. 612; New Castle Elec. Co. v. P. S. C., 70 Pa. Superior Ct. 20; and others. We need not discuss the applicability of the legal principles there involved as related to the matter now before us. Here we have a public service company, this appellee, appearing before the commission and showing it is necessary, for the accommodation and convenience of the public, it should be incorporated to furnish light, heat and power in the township. Appellant protests but the commission holds such necessity exists and grants its certificate entitling appellee to do business in that township. This condition is brought about through appellant's failure to operate in the township. The company, thus securing the certificate, now complains,—to the court it is true, but a complaint nevertheless,—the commission's orders will be nugatory if the Pennsylvania Company is permitted to continue its activities in this township, as the field is not large enough to justify the effort of two companies, and such action violates the State's declared policy. The end of such squabble is easily discernible. Appellee further charges appellant has forfeited all rights it might have had in that township through merger. Appellee, plaintiff, then had a grievance about which, under the law, it could have complained to the commission. The Public Service Commission is the tribunal clothed with authority to determine whether the appellant is a public service company doing business in the State, authorized by law to engage in such business within the place complained of, the character of its business, and whether, in view of the certificate granted to appellee, such service is necessary for the safety, accommodation or convenience

of the public. Was it necessary for it to secure a certificate of public convenience before it entered this field, and was the agreement between the highway commissioner and the complainant such an agreement as required approval? As a public service company, appellee could have raised all these matters upon complaint filed and it was required to do so under the Act of March 21, 1806, 4 Sm. L. 332.

For a proper determination of the many matters submitted, the commission has certain inquisitorial powers which may, to a degree, conflict with those generally understood to be within the purview of quo warranto by the attorney general. In passing on applications or complaints, as the case may be, as to duties, liabilities, powers and limitation of powers of a public service company, inquiry must be made as to the rights or powers of the company to do or not to do the thing applied for or complained about. If they do not have, or, having once had, have since lost the rights and powers by nonuser, forfeiture or the like, the commission, in its finding, determination or order, is primarily guided by a consideration of these matters. It may not definitely appear as a fact in the case, its existence not being controverted, but in all cases where a challenge is made to a right, power or franchise, or in all cases of conflicting rights, the commission could not intelligently perform its duties if it did not possess the power to determine to some extent whether or not a franchise existed. Such authority is most essential to the adjudication of many cases before it, and, though not expressly ruled, it was so considered by the appellate courts in Relief Electric L., H. & P. Co.'s Petition, 63 Pa. Superior Ct. 1; Jenkins Twp. v. P. S. C., 65 Pa. Superior Ct. 122; New Castle Elec. Co. v. P. S. C., supra; and Pennsylvania Utilities Co. v. Lehigh N. E. Co., 254 Pa. 289. Quo warranto, therefore, does not oust the commission's jurisdiction to determine the extent of the powers or rights of any company subject to its regulatory

control, for, to satisfactorily answer section 12 of article III, these very matters must be made the subject of inquiry. Moreover, this company is made up of many mergers, consolidations and the like. It cannot, by a succession of mergers, defeat the primary object of incorporation of a constituent company on the plea of being given a reasonable time to commence work, dating from the last merger, and, though quo warranto is the remedy in determining whether franchises are lost through nonuser or forfeiture, courts will, and the commission may, look through the skein of intermediate successive consolidations, mergers and purchases to the end that fairness be dealt the people, the State and the company. The end to be gained is simple. Where the field is ripe for service, the Commonwealth expects the company on the ground to act. It cannot sit idly by, not serving nor permitting others to serve, and render abortive, because of its great power, an order authorizing another to serve. These matters will come before the commission. When the appellant complains, they may then be reviewed, as that body has full authority in the matter.

As said above, the authority of the court may be used in aid of the commission, sustaining its hands; and, for this purpose, equitable relief may be invoked to preserve the status quo, giving reasonable time to file a complaint and for the commission to hear and determine. Adequate power exists in the commission by the act to bring offending companies to summary control (sections 33 and 34, article VI), but for the present we will make such order as will preserve the rights of all parties: Rochester B. & L. Assn. v. Beaver Valley Water Co., supra; Bethlehem City Water Co. v. Bethlehem Boro. (No. 2), 253 Pa. 333; Pittsburgh Rys. Co. v. Pittsburgh, 260 Pa. 424. Courts will exercise this right only in their sound discretion, having in view the power in the commission just mentioned.

The decree will be modified so as to preserve the status quo for thirty days, in which time appellee may complain to the commission and may secure from it such order or action as will further preserve the status quo until final determination; costs to be paid by appellant.