# City of New Castle, Appellant, *v.* The Public Service Commission.

*Public Service : Company Law—Electric light companies—Street lighting contracts—Agreement not to increase rates.*

A municipality has no standing to appeal from an order of the Public Service Commission, refusing to approve a contract for street lighting, which provided that the rates for domestic consumers would not be changed within five years, where it appeared that after the refusal of the certificate of public convenience the city and the electric light company made a new contract for street lighting which was actually in effect.

An agreement of a company made with a city not to change its domestic and commercial rates for a period of five years cannot be sustained. Such a stipulation is invalid, and must yield to the necessity of increasing the rate beyond the maximum whenever circumstances require it.

Argued April 22, 1926. Appeal No. 4, April T., 1926, by appellant, from order of the Public Service Commission, M. C. Docket 2843, 1914, in the application of the City of New Castle, for the approval of a contract with the New Castle Electric Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Application for approval of contract between City of New Castle and the New Castle Electric Company.

The facts are stated in the opinion of the Superior Court.

The Public Service Commission refused to approve the contract. Subsequently the parties entered into a second contract which was approved by the Commission.

*Robert White,* City Solicitor, for appellant.

*Ralph J. Baker,* of *Hause, Evans & Baker,* and with him *Douglass D. Storey* and *Ralph J. Baker,* for New Castle Electric Company, intervening appellee.

*Frank M. Hunter,* Special Counsel, and with him *John Fox Weiss,* Asst. Counsel, and *W. Y. Blanning,* Legal Assistant, for the Public Service Commission.

OPINION BY LINN, J., July 8, 1926:

The appellant, the City of New Castle, a city of the third class, made an agreement with the New Castle Electric Company by which the company for a period of five years from March 26, 1924, agreed to light the streets, highways and public buildings of the city, and, during the same period, to. supply electric current for domestic and commercial consumers in the city at rates and tariffs on that date and for a period prior thereto on file with the commission. The city has no municipal lighting plant. The electric company, incorporated under the general incorporation act and supplements for the purpose of supplying light, heat and power to the public in the city, had been engaged in that service for some years. The company filed a petition with the commission pursuant to art. III, sec. 2, and art. V, sections 18, 19, of the Public Service Company Law (1913 P. L. 1388 and 1414) praying for a certificate of public convenience, evidencing the commission's approval of the contract. Article III, section 2, requires such company to obtain such certificate before it may begin the exercise of any right, power, franchise, or privilege under any ordinance or municipal contract; article V provides that such certificate shall be granted only if and when the commission shall find that the approval of the application is necessary and proper for the service, accommodation, convenience and safety of the public, and that the commission shall hold hearings for the purpose of satisfying itself: sections 18 and 19.

On the date set for hearing, the matter was presented to the commission; on March 17, 1925, the application was refused. The city then took this appeal. Its brief states that at the time this appeal was taken,

the city "under protest entered into a new contract with the electric company identical with the contract here in issue except that it omitted any reference to domestic or commerical rates and contained a provision that it should not be valid or of any effect in the event that the contract in this case should later be approved by the commission." We do not understand what is meant by the words "under protest" in that connection, but it would seem clear that unless the city is legally authorized to act for the domestic and commercial patrons of the electric company in that city, in the matter of rates to be charged for such service, the city has no standing to appeal, for by making the second contract it solved its own problem; its case, if it had one, is ended; it is not a party now affected or aggrieved by the order within the meaning of article VI, section 17, P. L. 1424, as amended June 3, 1915, P. L. 779, granting the right of appeal.

The city relies on clause 42, section 3, article VI, of the Third Class City Act (the Clark Act) approved June 27, 1913, P. L. 568, 589, for the power to agree with the electric company that for a period of five years the company shall not change the rates charged at the time of the making of the contract for domestic and commercial services rendered to consumers in the city. That clause was carried into the codification of 1913 with some amplification from the earlier acts of 1889 and 1874; but the Clark act was followed by the Public Service Company Law, which is inconsistent with the construction appellant suggests (erroneously, we think) for clause 42. We need not, however, discuss the point or repeat the argument against appellant, for it was definitely stated against appellant's contention in two recent decisions: York Water Co. v. York, 250 Pa. 115, 117; and in Erie v. Pub. Ser. Com., 74 Pa. Superior Ct. 265, 270.

In the light of the fact that the Public Service Com-

pany Law is "the supreme law of the state in the regulation and supervision of public service corporations" (York Water Co. v. York, supra) can the promise of the company made to the city not to change its domestic and commercial rates for five years be sustained? No one would contend that any patron or patrons of the company could make a valid contract that the company should not change those rates for that period: Duquesne Light Co. v. Pub. Ser. Com., 273 Pa. 287. Even a stipulation in the charter of such company fixing the maximum rate must now yield to the necessity of increasing the rate beyond the maximum whenever circumstances require it: Staples v. Pub. Ser. Com., 79 Pa. Superior Ct. 6; White Haven Bor. v. Pub. Ser. Com., 80 Pa. Superior Ct. 536 and cases cited 539; Vernon Twp. v. Pub. Ser. Com., 75 Pa. Superior Ct. 54; see also Suburban Water Co. v. Oakmont Bor., 268 Pa. 243. It then appears that the commission had before it a request to approve a contract in which the agreement of the company to render the domestic and commercial service for a period of five years at existing rates was illegal on the face of it; it was of course the duty of the commission to decline its certificate.

But as the City of New Castle at once made another contract with the lighting company which, we assume, the commission approved, providing only for all the public lighting precisely as had been agreed upon for that service in the disapproved contract, the City of New Castle in its corporate capacity is not adversely affected by the order complained of and has no standing to appeal.

Appeal quashed.