## Commonwealth ex rel. v. The Bell Telephone Co. of Pennsylvania et al.

*H. H. Weintraub* and *E. F. McGovern*, for relators.

*Evan C. Jones* and *John C. Phillips*, for respondents.

FARRELL, J., July 3, 1939.—Relators, trading as Anthracite Sports News Service, engaged in the business of receiving, transmitting, and relaying to their subscribers details of all athletic and sports events as the same occur from time to time, including forecasts, comments, and eye descriptions thereof, upon petition filed obtained a writ of alternative mandamus directed to the Bell Telephone Company of Pennsylvania and American Telephone & Telegraph Company, respondents, directing said respondents, both public utility companies, to show cause why they shall not be compelled "to supply, furnish, and install the said Anthracite Sports News

Service with private or leased wires and circuits and other facilities necessary for the transmission of news", as set forth in the petition, for the purpose of detailing athletic and sports events.

Respondents have moved to quash the writ on the grounds that the court is without jurisdiction, that petitioners fail to aver want of adequate and specific remedy at law, that respondents are improperly joined in one suit, and that the writ is not sought to procure enforcement of a public duty.

All the reasons to quash are ably and persuasively argued in an exhaustive brief submitted by respondents' counsel. The majority of the reasons are sound and the argument is convincing. The writ will have to be quashed. It is necessary to discuss only two of the grounds.

The most important is that "this court is without jurisdiction to entertain this petition and allow the writ against these respondents, for the reason that the relators aver in said petition that respondents are public utilities, operating subject to the rules and regulations of the Public Utility Commission of Pennsylvania".

The Public Utility Law of May 28, 1937, P. L. 1053 (not affected by the amendments of 1938 so far as affects the question here), provides in section 401 that every public utility shall furnish reasonable service, in section 901 that the commission shall have general administrative power and authority to supervise and regulate all public utilities doing business within this Commonwealth, and in section 902 that it is the commission's power and duty to carry out all the provisions of the act.

These provisions are similar to the corresponding provisions of The Public Service Company Law of July 26, 1913, P. L. 1374, the decisions under which are applicable to the instant case.

"Since the Public Service Company Law has been upon our books, we have consistently adhered to the rule that matters within the jurisdiction of the commission must first be determined by it, in every instance, before the

courts will adjudge any phase of the controversy (Bethlehem City Water Co. v. Bethlehem Borough, No. 2, 253 Pa. 333, 337-8; New Brighton Borough v. New Brighton Water Co. et al., 247 Pa. 232, 240, 241, 242); and it is plain that orderly procedure requires an adherence to this practice, otherwise different phases of the same case might be pending before the commission and the courts at one time, which would cause endless confusion. Under the established system, the commission, in the first instance, passes upon all changes of rates made by public service corporations, subject to a proper and well regulated review by the courts, where and when all questions of law may be raised and determined; and 'this is so not because the courts have any desire to avoid the performance of duties cast upon them by the law, but because the people, speaking through the legislature, have declared that these duties shall be performed by a special tribunal created for the purpose. The disposition everywhere is to commit questions, relating to the regulation and to the rates of public service corporations, to the supervisory powers of special tribunals, and, concededly, matters of this character are within the domain of legislative action': Bellevue Borough v. Ohio Valley Water Co., supra, p. 118; see also York Water Co. v. York, 250 Pa. 115, 118": St. Clair Borough v. Tamaqua & Pottsville Electric Ry. Co. et al., 259 Pa. 462, 468.

"The Public Service Law of 1913 gives the Public Service Commission exclusive jurisdiction, in the first instance, to inquire into and regulate the service, rates, fares, tolls and charges of any and all public service companies. The courts of Pennsylvania no longer have jurisdiction except upon appeal from a determination by the Public Service Commission": Klein-Logan Co. v. Duquesne Light Co., 261 Pa. 526.

All the decisions are uniform that formerly the Public Service Commission had exclusive original jurisdiction in such cases as this. This exclusive jurisdiction has now passed to the Public Utility Commission.

On the ground of failure of the petition to aver want of adequate and specific remedy at law, it has been held in this and other courts the failure is fatal, the averment being a statutory requisite to jurisdiction, as provided by the Mandamus Act of June 8, 1893, P. L. 345: Isaacs v. Ford, 8 Luz. L. R. Rep. 80; Grady v. Frantz, etc., 34 Lanc. 145; Rossiter v. Walker et al., 5 Erie 14.

Therefore, July 3, 1939, the motion is allowed and the writ of alternative mandamus is quashed.