STATE OF MISSOURI at the relation and to the use of JOSEPH C. CIRESE and MARY CIRESE, Relators, v. ALBERT A. RIDGE, Presiding Judge of the Circuit Court of Jackson County.—138 S. W. (2d) 1012.

Court en Banc, April 2, 1940.

*John M. Langsdale* and *Charles Turney* for relators.

*Ludwick Graves* for respondent; *Johnson, Lucas, Landon, Graves & Fane* of counsel.

1098

GANTT, J.—Original action in prohibition. Relators challenge the ▮ jurisdiction of the circuit court in Kansas City Power & Light Co. v. Joseph C. and Mary Cirese, doing business as Cirese Power & Light Co. In that case plaintiff seeks injunctive relief. Defendants demurred to the petition alleging that the circuit court was without jurisdiction of the subject matter. The demurrer was overruled and temporary injunction granted. In determining the question of the jurisdiction of the circuit court, "the facts well pleaded in the petition for injunction must be treated as true." [State ex rel. v. Witthaus, 340 Mo. 1004, 102 S. W. (2d) 99, 100.]

The petition for injunction alleges that plaintiff is a public utility under the laws of Missouri and the owner and operator of an electrical system under a Kansas City franchise and under a certificate of public convenience and necessity issued by the Public Service Commission; that defendants are the owners and operators of electrical systems in certain named localities in Kansas City; that said systems are within the terms "electric corporation," as defined in the Public Service Commission Law, Par. 13, Section 5122, Revised Statutes 1929, and are now and have been for several years in competition with plaintiff by selling and offering for sale electrical current to others than their tenants; that defendants are operating said systems without a city franchise and without a certificate of public con-

venience and necessity issued by the Public Service Commission, as required by the Public Service Commission Law, Section 5193, Revised Statutes 1929; that plaintiff is and has been rendering efficient and lawful service under the regulation of the Public Service Commission, as required by the Public Service Commission Law; that defendants in selling electricity to persons who are not their tenants are depriving plaintiff of profits to which it is entitled as a lawfully operated electrical system; that said conduct on the part of defendants is competition contrary to the public interest and contrary to the intent and spirit of the Public Service Commission Law; that the injury to plaintiff cannot be adequately estimated in damages, and it is without complete and adequate remedy at law. Wherefore, plaintiff prays for injunctive relief and for such other and further relief as may be equitable, including the penalty for the violation of the Public Service Commission Law, as provided in Section 5204, Revised Statutes 1929.

The demurrer admits that the defendants in the injunction suit (relators in the instant action) are operating a public utility. If they are operating a public utility, the Public Service Commission, has jurisdiction of the subject matter of the petition for injunction. [State ex rel. v. Witthaus, supra.]

Even so, the Kansas City Light & Power Co. contends that the circuit court has concurrent jurisdiction over said subject matter. We do not think so. Generally the courts, including this court, favor the regulation of public utilities by Public Service Commissions. In State ex inf. v. Kansas City Gas Co., 254 Mo. 515, 541, 163 S. W. 854, we stated that "he who reads it (Public Service Commission Law), and does not see that the yearning of the lawmaker was to have the courts trust the commission *in the first instance* to solve such business problems as those presented in this case, reads it to still less purpose." In substance, we have so stated in many opinions. We think the correct rule follows:

"It is exclusively within the legislative power to determine what the policy of the commonwealth shall be, or it may designate an agency of the government to determine that policy. Such policy may, in itself, become a matter for judicial determination as contravening a constitutional inhibition or for other cause within judicial cognizance. But the Legislature has the power to determine who shall promulgate and enforce its declared public policy, and, when an agency of the government is selected or created for that purpose, no other body, judicial, executive, or municipal, can step in, and by decree, order, ordinance, or otherwise, actively enforce the policy, or do other acts in relation thereto, except possibly to sustain the legislatively created or designated body. By act of assembly, the Public Service Commission was the designated government agency to enforce its declared public policy, whether that policy

originated by statute or was created by the commission. It is an arm of the State government, created for the benefit of the people as well as the utilities it in part controls. There has been placed under the regulation, supervision, and control of the commission generally all matters relating to rights, facilities, service, and other correlated matters of a public service company. By this act a complete system in itself is presented to enforce such powers. [York Water Co. v. York, 250 Pa. 115, 118, 95 Atl. 396.] Courts were not intended to be the administrative tribunal for this purpose. The commission has not decided this appellant is not within its regulatory control, and may not be compelled to respond to a complaint filed against it. Plaintiff had a full and complete remedy to prevent any encroachment or wrongful use of territory by defendant. Being a public service company, it could complain (Section 6 of Article 6; Pa. Stat. 1920, sec. 18167) against defendant when it did an act forbidden or that it had no power to do such acts as are within the field of the commission's control and subject to inquiry. The powers of control or regulation, or whatever authority the court may, in other days, have possessed over these concerns, are supplanted by the Public Service Commission. . . .

"It must not be understood, however, the act takes from the courts all jurisdiction over public service companies. On the contrary, all acts of this body are subject to judicial scrutiny, but through the channel ordained by the Legislature and as set forth in Article 6 of the Public Service Act (Sections 18162-18196). The tribunal of first instance as to regulations between public service companies and the public is the commission, not the court; and, as the public is affected by conditions in this township through service, etc., and as the act specifically authorizes one service company to complain against another, the commission was the proper tribunal to hear the cause. . . .

"The Public Service Commission is the tribunal clothed with authority to determine whether the appellant is a public service company doing business in the state, authorized by law to engage in such business within the place complained of, the character of its business, and whether, in view of the certificate granted to appellee, such service is necessary for the safety, accommodation, or convenience of the public. Was it necessary for it to secure a certificate of public convenience before it entered this field, and was the agreement between the highway commissioner and the complaint such an agreement as required approval? As a public service company, appellee could have raised all these matters upon complaint filed, and it was required to do so under the act of March 21, 1806, 4 Smith Laws, p. 332 (Pa. Stat. 1920, sec. 45)." [Fogelsville & Trexlertown Electric Co. v. Pennsylvania Power & Light Co., 114 Atl. 822.]

"Since the Public Service Company Law has been upon our

books, we have consistently adhered to the rule that matters within the jurisdiction of the commission must first be determined by it, in every instance, before the courts will adjudge any phase of the controversy (Bethlehem City Water Co. v. Bethlehem Borough, No. 2, 253 Pa. 333, 337, 338, 98 Atl. 646; New Brighton Borough v. New Brighton Water Co. et al., 247 Pa. 232, 240, 241, 242, 93 Atl. 327); and it is plain that orderly procedure requires an adherence to this practice, otherwise different phases of the same case might be pending before the commission and the courts at one time, which would cause endless confusion. Under the established system, the commission, in the first instance, passes upon all changes of rates made by public service corporations, subject to a proper and well-regulated review by the courts, where and when all questions of law may be raised and determined; and 'this is not because the courts have any desire to avoid the performance of duties cast upon them by the law, but because the people, speaking through the Legislature, have declared that these duties shall be performed by a special tribunal created for the purpose. The disposition everywhere is to commit questions relating to the regulation and to the rates of public service corporations, to the supervisory powers of special tribunals, and, concededly, matters of this character are within the domain of legislative action. [Bellevue Borough v. Ohio Valley Water Co., supra, 254 Pa. 118, 91 Atl. 237. See also, York Water Co. v. York, 250 Pa. 115, 118, 95 Atl. 396.]'' [St. Clair Borough v. Tamaqua & Pottsville Electric Ry. Co. et al., 103 Atl. 287, 289.]

In this jurisdiction the Public Service Commission Law was approved March 17, 1913. For over a quarter of a century this enactment has been the declared public policy with reference to public utilities. During all this time the exclusive jurisdiction of the commission, in the first instance, over public utilities has not been questioned. At this late date the Kansas City Power & Light Company contends that the circuit court has concurrent jurisdiction with the Public Service Commission of a complaint made by a public utility against another public utility. It also contends that the determination of the facts by the commission on said complaint would be the exercise of judicial power. For this court to so rule would be revolutionary. Furthermore, the Kansas City Power & Light Company seeks injunctive relief in the circuit court under the provisions of the Public Service Commission Law. In doing so it ignores the ample provisions of said law providing for review of the findings of the commission by the courts. [Secs. 5234-5237, inclusive, R. S. 1929.] It also ignores the provisions of said law authorizing the commission, through its general counsel, to proceed against public utilities for violation of its orders and the law by mandamus or injunction. [Sec. 5205, R. S. 1929.]

If defendants in the injunction suit are unlawfully operat-

ing a public utility, the Kansas City Light & Power Company may file a complaint with the Public Service Commission and have the facts determined in that jurisdiction. [Sec. 5230, R. S. 1929.] If either party is dissatisfied with the ruling of the commission, provision is made for a review by the courts. In view of the provisions for court review, the regulation and control of public utilities by the commission is not an exercise of judicial power. Generally the facts determined by the Public Service Commission finally dispose of the complaint because the findings of the commission are satisfactory to the public and the utilities.

Cases are cited as follows: State ex rel. Rutledge v. Public Service Commission, 316 Mo. 233, 289 S. W. 785; Carrol v. Campbell, 108 Mo. 550, 17 S. W. 884; Kansas City Public Service Co. v. Overland Interstate Bus Corp., 1928 P. U. R. (D) 703.

The Rutledge case involved the question of the private right of certain citizens to a crossing over a railroad. The commission was without jurisdiction.

In the Carrol case we ruled that the plaintiff had property interest in the franchise to operate a ferry, which authorized the action for injunctive relief against the defendant unlawfully operating a competing ferry. The ruling was long before the enactment of the Public Service Commission Law and is not an authority under the facts of the instant case.

In the Kansas City Public Service Company case the plaintiff sought from the Public Service Commission injunctive relief. The petition was denied for the reason the commission was without authority to grant said relief.

Cases from other jurisdictions are cited as follows: Sylvania Home Telephone Co. v. Public Utilities Commission, 119 N. E. 205; State ex rel. Ry. v. Superior Court, 212 Pac. 259; Northern Pacific Ry. Co. v. Schoenfeldt, 213 Pac. 26; Niagara Gorge Railroad Co. v. Gaiser, 178 N. Y. Supp. 156; Brooklyn City Railroad Co. v. Whalen, 182 N. Y. Supp. 283; United Traction Co. v. Smith, 187 N. Y. Supp. 377; Princeton Power v. Calloway, 128 S. E. 89.

Those cases proceed on the theory of concurrent jurisdiction. We adhere to the theory of the commission's exclusive jurisdiction in the first instance. The provisional rule should be made absolute. It is so ordered. All concur.