**STATE of Missouri, Plaintiff-Appellant,**

v.

**E. H. CARROLL, Defendant-Respondent.**

No. 12030.

Missouri Court of Appeals,
Southern District,
Division Two.

June 9, 1981.

Motion for Rehearing and to Transfer to Supreme Court Denied June 30, 1981.

Application to Transfer Denied
Sept. 8, 1981.

Kent Ragsdale, Gen. Counsel, Rory Ellinger, Asst. Gen. Counsel, Missouri Public Service Commission, Jefferson City, for plaintiff-appellant.

Herman W. Huber, Jefferson City, for defendant-respondent.

PREWITT, Presiding Judge.

At the direction of the Public Service Commission, its general counsel brought this action under § 390.156, RSMo 1978, seeking the penalties provided in § 390.176–1, RSMo 1978. The petition alleged that respondent operated as a contract carrier in Pulaski County, Missouri, between September 29, 1979 and December 31, 1979, without a permit issued by the Public Service Commission. § 390.061, RSMo 1978. The trial court sustained respondent's motion to dismiss.

Respondent contends that the Public Service Commission must first hold a hearing and determine if respondent was operating improperly and was subject to its jurisdiction before authorizing commencement of the penalty action. No such hearing is alleged to have occurred. There was attached to the petition an "Authorization", stating that the "Commission has been presented information by its Transportation Division which leads it to believe that" respondent "has provided a for hire transportation service between points within the State of Missouri, ... near Waynesville, Missouri". "Based upon this information" the Commission authorized and directed its general counsel "to file appropriate action against E. H. Carroll in the proper circuit court of Missouri for the purpose of enforcing the transportation laws of Missouri".

In *State ex rel. Cirese v. Ridge*, 345 Mo. 1096, 138 S.W.2d 1012 (banc 1940), Kansas City Power & Light Co., plaintiff in the underlying action, sought injunctive relief against Joseph and Mary Cirese for allegedly operating an electrical utility without a certificate of public convenience and necessity issued by the Public Service Commission. In a prohibition action against the circuit judge who had refused to dismiss the petition and granted a temporary injunction, the Supreme Court held that the Public Service Commission must first determine if the Cireses were unlawfully operating a public utility before there can be resort to the courts. 138 S.W.2d at 1015. The court stated that the Commission had "exclusive jurisdiction in the first instance" and prohibited the circuit court from proceeding. 138 S.W.2d at 1016. See also *Missouri Power & Light Co. v. Lewis County Rural Electric Cooperative Ass'n*, 235 Mo.App. 1056, 149 S.W.2d 881 (1941); *Main Line Hauling Co., Inc. v. Public Service Commission*, 577 S.W.2d 50, 51 (Mo.App. 1978); *DeMaranville v. Fee Fee Trunk Sewer, Inc.*, 573 S.W.2d 674 (Mo.App. 1978).

Although the penalty statutes sued on here were enacted after *State ex rel. Cirese v. Ridge*, it appears to us that the holding there is applicable in applying those stat-

utes as the opinion indicates that the Public Service Commission should first determine in matters within its jurisdiction if someone is operating unlawfully before the courts should be called upon to act. Appellant's brief does not seem to question that the rule stated in that case applies, but contends that "the Commission has already found that E. H. Carroll is subject to its jurisdiction." Appellant relies upon a "report and order" following a hearing in 1976 where the Commission found that respondent "transported property without the requisite authority" from Iron Mountain, Missouri, to Springfield, Missouri. No reference to this hearing or order was made in appellant's petition. Appellant admits that "the facts [found after the 1976 hearing] are different than the facts alleged in the penalty case before the Circuit Court of Pulaski County" but "because the Commission has already once determined that the Respondent was hauling for compensation without proper Commission authority . . . there is *no legal requirement* to retry that issue again and again." Appellant also contends that the Commission does not have authority to hear a penalty action as § 390.156, RSMo 1978, provides that it must be "commenced" in the Circuit Court, but acknowledges that this "will not excuse the Commission from deciding necessary threshold questions regarding jurisdiction".

We do not believe that the 1976 proceeding against respondent is relevant or can be considered by us here. It was not pled in appellant's petition and admittedly "the facts are different". We agree with appellant that the penalty action must be brought in the circuit court but hold that whether respondent was unlawfully operating as a contract carrier must first be determined by the Commission after proper hearing. As there is no allegation in the petition that this occurred, it does not state a claim for which relief may be granted, and the trial court correctly dismissed it.

The judgment is affirmed.

All concur.