**STATE of Missouri ex rel., SURE-WAY TRANSPORTATION, INC., Respondent,**

v.

**DIVISION OF TRANSPORTATION DEPARTMENT OF ECONOMIC DEVELOPMENT, STATE OF MISSOURI, Appellant.**

Nos. WD 44997, 44998.

Missouri Court of Appeals, Western District.

June 23, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 28, 1992.

Application to Transfer Denied Sept. 22, 1992.

Michael J. Anderson, Kendall P. Day and David E. Woodside, Jefferson City, for appellant.

Sarah J. Maxwell, Jefferson City, for respondent.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

SPINDEN, Judge.

The Missouri Division of Transportation appeals from the trial court's reversals of an administrative law judge's decisions that the Division had established cause to seek penalties against Sure–Way Transportation, Inc. The Division accused Sure–Way of violating § 387.100 [1] by charging less than the minimum dump truck tariff. The trial court concluded that the decisions of the Division's administrative law judge were not supported by competent and substantial evidence and a statute of limitation, § 516.390, barred the Division's penalty actions. We reverse.

In two separate cases, the Division accused Sure–Way of charging less than the state-authorized tariff for a series of intrastate coal hauls during 1986 and 1987.[2] The Division's administrative law judge conducted separate hearings in each case and issued separate reports and orders authorizing the Division to seek penalties against Sure–Way.

■ Our review is limited to determining whether competent and substantial evidence support the administrative law

---

1. All references to statutes are to the 1986 Revised Statutes unless otherwise indicated.

2. The Division also complained of a number of rock hauls, but the administrative law judge dismissed them from the case because many of them occurred more than two years before the Division filed the complaints, and he concluded that the Division had not produced sufficient evidence concerning the remainder.

judge's decisions. *Shawnee Bend Special Road District "D" v. Camden County Commission*, 800 S.W.2d 452 (Mo.App. 1990); *State ex rel. Ashcroft v. Public Service Commission*, 674 S.W.2d 660 (Mo. App.1984). We presume that the administrative law judge's decisions were correct; Sure–Way's burden in challenging them is heavy. "We go to considerable lengths to give deference to the expertise of the Commission." [3] *State ex rel. Sure–Way Transportation v. Division of Transportation of State of Missouri*, 778 S.W.2d 839, 843 (Mo.App.1989) (quoting *State ex rel. City of Lake Lotawana v. Public Service Commission*, 732 S.W.2d 191, 195 (Mo.App. 1987)).

In one case, which we denominate the Columbia hauls, the Division's administrative law judge decided that between August 3, 1986, and September 5, 1986, Sure–Way charged $3.91 per ton for transporting 564 loads of coal from the coal stockpile of Nemo Coal, Inc., in Randolph County to Columbia—a 44–mile trip. The minimum legal charge was $4.19 per ton. In the other case, which we denominate the Rolla hauls, the administrative law judge concluded that between December 8, 1986, and December 30, 1987, Sure–Way charged $10.01 per ton for transporting coal from the Nemo stockpile to Rolla—a 140–mile trip. The minimum legal charge was $10.76. The administrative law judge authorized the Division to seek penalties against Sure–Way in the appropriate circuit court pursuant to § 390.156.[4]

Sure–Way appealed the decisions to the Cole County circuit court. In May 1991, the court reversed the administrative law judge's decisions.

█ In two separate judgments, the circuit court set aside the administrative law judge's decisions because they did not specifically state when Sure–Way made the illegal charges. The circuit court acknowledged that the administrative law judge tied the charge to hauls made on specific dates, but concluded that this was insufficient. In the case of the Rolla hauls, the court stated, "The [decision] does not identify any instance in which [Sure–Way] *charged* for or *received compensation* in violation of Section 387.100 RMSo [sic] and this renders the [decision] unlawful, unjust and unreasonable." [5] In the Columbia hauls case, it stated:

> To find a violation of [§ 387.100], the first requirement is to show that a common carrier actually charged, demanded, received or collected compensation inconsistent with filed schedules. The [decision] under review here, however, makes no finding, supported by competent and substantial evidence, as to any such act by [Sure–Way].

\* \* \* \* \* \*

It is essential that the specific time of any such event be found and determined if a penalty action is to be brought. Simple due process dictates that an accused be put on notice as to the specifics of the act or event which allegedly violates the law. Section 387.100 RSMo. makes certain specific acts unlawful. Certainly one of the elements in proving that such acts took place, sufficient to authorize a penalty action, is to show when the acts occurred.

We conclude that the administrative law judge did make sufficient findings. He specifically found that for hauls, specifically identified by the date on which Sure–Way made them, Sure–Way charged either $3.91 per ton or $10.01 per ton. We find no basis for the circuit court's conclusion that the administrative law judge must find precisely when Sure–Way made the charge itself. That the charges were tied to specific hauls was sufficient.

---

**3.** Prior to the General Assembly's creation of the Division of Transportation in 1985, the Public Service Commission regulated common carriers.

**4.** That statute provides, "An action to recover a penalty ... may be brought in any circuit court in this state in the name of the state of Missouri and shall be commenced and prosecuted to final judgment by the general counsel to the division."

**5.** Emphasis was in the original.

■ The circuit court also complained that the administrative law judge's finding that Sure–Way made the charge was not supported by substantial and competent evidence. In the case of the Columbia hauls, the court stated:

The only apparent records of [the Division] put in evidence were certain so-called "revenue reports" of [Sure–Way]. These documents, however, apparently computer-generated and sponsored by an employee of [the Division], do not evidence dates when charges were made or revenue received. The sponsoring witness, not being an employee of [Sure–Way], did not testify as to the mode of preparation or time of preparation of the documents, or otherwise establish what the documents actually show with respect to when any charges may have been made or revenue received.

The circuit court's conclusions are clearly erroneous. The revenue reports set forth the date, truck number, net weight, Sure–Way revenue, Sure–Way payroll and net revenue for each haul. The revenue reports, however, were not the only evidence concerning the coal hauls to Columbia. The parties stipulated, "Compensation was paid by NEMO Coal, Inc. to [Sure–Way] ... at an agreed upon rate of $3.91 per ton," and Sure–Way admitted at least five times during hearing that it had charged less than the minimum tariff.

■ The court was also incorrect in concluding that the administrative law judge did not have competent and substantial evidence to support his finding that Sure–Way charged Nemo $10.01 for the hauls to Rolla. Without objection, the Division's audit supervisor testified that he had examined Sure–Way's financial records on July 6, 1988, and determined that for 106 hauls to Rolla in 1986, for 312 in 1987, and for 21 during 1988, Sure–Way had charged $10.01 per ton. To the extent that the investigator's testimony was hearsay, Sure–Way waived that objection by not raising it at hearing. "[P]arties to an administrative hearing may waive objections to hearsay[,] and the evidence may then be considered as substantial and competent evidence."

*Walker v. Supervisor of Liquor Control,* 781 S.W.2d 113, 115 (Mo.App.1989). Moreover, § 536.070(8), RSMo 1986, provides that, in an administrative hearing, "[a]ny evidence received without objection which has probative value shall be considered by the agency along with the other evidence in the case."

■ In addition, the administrative law judge received into evidence revenue reports with the same information as the revenue reports noted above. The circuit court concluded that the administrative law judge erroneously admitted the revenue reports over Sure–Way's objection of improper foundation. The court stated:

The revenue reports were sponsored by one of [the Division's] employees and were received into evidence over objection on the basis that they were admissions by [Sure–Way] provided pursuant to a subpoena.

\* \* \* \* \* \*

The heart of the problem with the revenue reports is that no person testified at the hearing concerning their identity and authenticity. Assuming the documents to be business records of [Sure–Way], they could have been properly admitted only if the provisions of the Uniform Business Records as Evidence Law, §§ 490.660 through 490.690 RSMo, were followed.

■ The court wrongly relied on §§ 490.-660–490.690. Because this was an administrative hearing, § 536.070(10), RSMo 1986, governed. Section 490.680 requires that "the custodian or other qualified witness" testify concerning how the document is prepared. Section 536.070(10) relaxes this requirement and permits admission of the document "if it shall appear that it was made in the regular course of any business, and that it was the regular course of such business to make such ... record at the time of such ... transaction ... or within a reasonable time thereafter." The administrative law judge may determine from the totality of the circumstances whether the document meets the criteria; the document's custodian or preparer need not be present to sponsor the document. Section

536.070(10) further provides, "All other circumstances of the making of such ... record, *including the lack of personal knowledge* by the entrant or maker, may be shown to affect the weight of such evidence, but such showing shall not affect its admissibility." [6]

Sure–Way's personnel supplied the revenue reports to the Division's investigator in response to the Division's subpoena for Sure–Way's records. The investigator appeared at hearing, testified to the circumstances surrounding how he obtained them, and he vouched for the accuracy of the copies presented to the administrative law judge. We conclude that the Division laid a sufficient foundation for admission of the revenue reports under § 536.070(10). The investigator's lack of personal knowledge of the documents affected the weight given them by the administrative law judge, not their admissibility. "The weight of the evidence is ... not in issue on judicial review of an administrative hearing decision." *Overland Outdoor Advertising v. Missouri State Highway Commission,* 616 S.W.2d 563, 566 (Mo.App.1981).

■ The trial court also determined that the Division's penalty actions were barred by the two-year limitation of § 516.390, RSMo 1986. That statute states:

If the penalty is given in whole or in part to the state, or to any county or city, or to the treasury thereof, a suit therefor may be commenced, by or in behalf of the state, county or city, at any time within two years after the commission of the offense, and not after.

The Columbia hauls occurred between June 27, 1986, and September 5, 1986. The Division staff filed its complaint with its administrative law judge on February 11, 1987, and he convened a hearing on June 26, 1987. He issued his decision authorizing a penalty action on June 29, 1988, to be effective on July 14, 1988. The Division filed a penalty action in Boone County circuit court on August 1, 1988. In the meantime, Sure–Way appealed the administrative law judge's decision to Cole County circuit court, which remanded the case on September 20, 1989, to the administrative

law judge to make further findings of fact. The administrative law judge reissued his decision on November 20, 1989, to become effective on December 20, 1989.

The Rolla hauls occurred between December 6, 1986, through December 6, 1988. The Division staff filed its complaint with the Division's administrative law judge on December 6, 1988. After a hearing on August 7, 1989, the administrative law judge issued his decision authorizing a penalty action on April 13, 1990, to become effective on May 13, 1990. The Division filed its petition in Boone County circuit court on August 20, 1990, seeking penalties against Sure–Way. In the meantime, Sure–Way appealed the administrative law judge's decision to Cole County circuit court.

Section 516.390 does not contemplate any process between the date of offense and the date on which the suit for penalties commences. Missouri courts, however, have mandated an intervening process between the two dates. The courts have ruled that the Division cannot act only on the information of its staff to authorize the filing of a penalty action in circuit court; it can authorize a penalty action only after a contested hearing. *State v. Carroll,* 620 S.W.2d 22 (Mo.App.1981) (relying on *State ex rel. Cirese v. Ridge,* 345 Mo. 1096, 138 S.W.2d 1012 (1940)).

■ The Division staff must file a complaint with the Division's administrative law judge and await his decision before moving on to circuit court. The reason, the courts say, is "that the [Division] should first determine in matters within its jurisdiction if someone is operating unlawfully before the courts should be called upon to act." *Carroll,* 620 S.W.2d at 24.

We conclude that the trial court's conclusion that the entire process—obtaining a hearing and written determination by an administrative law judge before filing suit in circuit court—must be completed within two years of the offense is unreasonable and contrary to the legislature's intent. The legislature granted the Division a full two years between the offense and the filing of its suit in circuit court. The inter-

---

**6.** We added the emphasis.

vening process was not mandated by the legislature; it was imposed by the courts.

"[I]t is the general rule that where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the running of the statute is arrested during the pendency of such proceedings." *Hanks v. Labor and Industrial Relations Commission*, 639 S.W.2d 252, 255 (Mo.App.1982) (quoting *Ottenad v. Mount Hope Cemetery and Mausoleum Co.*, 176 S.W.2d 62, 64 (Mo.App.1943)). We conclude, therefore, that the running of the two years was tolled for the time between the staff's filing of its complaint with the Division's administrative law judge and the effective date of his decision. *See DePaul Hospital School of Nursing, Inc. v. Southwestern Bell Telephone Co.*, 539 S.W.2d 542 (Mo.App.1976).

For these reasons, we reverse the judgments of the trial judge and remand these cases for him to enter judgments consistent with this opinion.

All concur.