**UTILICORP UNITED INC., d/b/a Missouri Public Service Company, Appellant,**

v.

**PLATTE–CLAY ELECTRIC COOPERATIVE, INC., Respondent.**

**No. WD 42703.**

Missouri Court of Appeals, Western District.

Sept. 4, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 30, 1990.

Application to Transfer Denied Dec. 18, 1990.

Martin M. Loring, Kansas City, for appellant.

Eugene J. Feldhausen, Kansas City, for respondent.

Before LOWENSTEIN, P.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

Appellant Missouri Public Service Company (MoPub) appeals from an order of the trial court dismissing, on the pleadings, its petition seeking injunctive relief against respondent Platte–Clay Electric Cooperative, Inc. (Co-op). MoPub sought to declare its exclusive right to provide electric service to a "new structure" within its franchise area.

In reviewing a dismissal based solely on the pleadings, an appellate court accepts the facts pleaded and all reasonable inferences arising therefrom as true. *Lynn v. T.I.M.E.–D.C., Inc.*, 710 S.W.2d 359, 360 (Mo.App.1986). Given this standard of review, the facts are as hereafter stated.

Appellant MoPub is a public utility operating under a Certificate of Public Convenience and Necessity from the Missouri Public Service Commission. MoPub operates in the City of Smithville, Missouri, pursuant to a franchise granted by the City.

Respondent Co-op is a rural electric cooperative existing under and subject to the Rural Electric Cooperative Law, Chapter 394, RSMo 1986.[1] Co-op is entitled under § 394.080(4), to provide retail electric service in "rural areas", which are defined in § 394.020(3) as "any area ... not included within the boundaries of any city, town or village having a population in excess of fifteen hundred inhabitants ...". The area within the corporate city limits of the City of Smithville is not a "rural area" as defined by § 394.020(3). Section 394.080(4) also provides that when a rural electric cooperative is supplying electric energy in a rural area which by reason of increase in population is included in a city, the cooperative shall have the right to continue to supply electric energy until the holder of the city utility franchise purchases the cooperative's property within the city.

MoPub alleges that the owners of the Big V Supermarket located within the city limits of Smithville, Missouri, are erecting a new structure immediately to the north of the existing store and that upon completion they will demolish the old structure and move into the new structure. MoPub alleges that the owners of the Big V Supermarket and Co-op have agreed that Co-op will supply electrical service to the new structure. MoPub sought to have Co-op enjoined from supplying electrical service to the new structure for which MoPub claims to be the only entity duly authorized to supply electricity.

MoPub argues that the agreement of Co-op to provide electrical service to the new structure is in violation of MoPub's franchise with the City of Smithville and that MoPub is entitled to injunctive relief. Co-op argues that the trial court was correct in dismissing MoPub's petition because jurisdiction over this dispute is within the province of the Missouri Public Service Commission.

The Circuit Court has general jurisdiction over disputes in law and equity. Mo. Const. Art. 5, § 14; *Lake Wauwanoka, Inc. v. Spain*, 622 S.W.2d 309, 314 (Mo.App.1981). Since the Public Service Commission is purely a creature of statute, its powers are limited to those conferred by statute, either expressly, or by clear implication, as necessary to carry out the powers specifically granted. *State ex rel. Utility Consumers Council of Missouri, Inc. v. Public Service Commission*, 585 S.W.2d 41, 49 (Mo. banc 1979). Matters within the jurisdiction of the Public Service Commission must first be determined by the Commission before the courts will adjudge any phase of the controversy. *State ex rel. Cirese v. Ridge*, 345 Mo. 1096, 138 S.W.2d 1012 (1940).

Section 394.315 is relevant to the issue presented herein. Section 394.315 relates

---

**1.** All statutory references are to RSMo 1986, unless otherwise specified.

to rural electric cooperatives, such as Co-op, and provides as follows:

1. As used in this section, the following terms mean:

(1) "Person" or "persons", a natural person, cooperative or private corporation, association, firm, partnership, receiver, trustee, agency, or business trust;

(2) *"Structure" or "structures"*, an agricultural, residential, commercial, industrial or other building or a mechanical installation, machinery or apparatus at which retail electric energy is being delivered through a metering device which is located on or adjacent to the structure and connected to the lines of an electrical supplier. *Such terms* shall include any contiguous or adjacent additions to or expansions of a particular structure which was in existence on August 13, 1986, but *shall not include or be construed to apply to noncontiguous additions to or expansions of new structures upon which construction is commenced after August 13, 1986, or to confer any right on a rural electric cooperative to serve new structures on a particular tract of land because it was serving an existing structure on that tract prior to August 13, 1986.*

2. *Every rural electric cooperative shall be entitled to continue to supply retail electric energy to persons at structures at which service is being provided on August 13, 1986....* (Emphasis added).[2]

MoPub does not allege that Co-op was without authorization to supply electrical service to the existing Big V Supermarket. MoPub acknowledges that Co-op began supplying electric energy to the existing Big V Supermarket at a time that it was located in a rural area, although it is now within the city limits of Smithville. However, MoPub alleges that Big V is constructing a new store and that Co-op has agreed with Big V to supply electricity to the new structure. The new structure was not completed and service was not being supplied at the time of filing of the petition.

The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning. *Wolff Shoe Company v. Director of Revenue*, 762 S.W.2d 29, 31 (Mo. banc 1988). In determining whether the language is clear and unambiguous, the standard is whether the statute's terms are plain and clear to one of ordinary intelligence. *Id.*

The plain language of § 394.080(4) authorizes a cooperative to continue to supply electricity to a structure, to which it was authorized to supply electricity as being in a rural area, after the time that the structure is included in a city, until the city utility purchases the cooperative's property within the city. It is equally clear that when construction of a noncontiguous addition to or expansion of new structures is commenced after August 13, 1986, or when a new structure is erected after said date, the cooperative is not authorized to supply service. Section 394.315.2.

Co-op argues that § 393.106.2, governing electrical corporations such as MoPub, establishes jurisdiction, of the matter at bar, with the Public Service Commission. Section 393.106.2 provides, in pertinent part, as follows:

Notwithstanding any other provision of law to the contrary, *no electrical corporation* or joint municipal utility commission *shall be permitted* or required *to supply retail electric energy to any person at a structure where said person is receiving, or has within the last sixty days received, retail electric energy from another supplier* of electric energy. Provided, however, that *the commission may order otherwise* after a finding that a change of suppliers is in the public interest for a reason other than a rate differential. (Emphasis added).[3]

Pursuant to the plain language of § 393.106.2, the legislature has established

---

**2.** Section 393.106 contains similar provisions applicable to electric corporations such as Mo-Pub.

**3.** Section 394.315.2 imposes the same restriction upon rural electric cooperatives.

that the Public Service Commission has jurisdiction when a person at a structure is already receiving, or has within the last sixty days received, electric energy and a utility claiming to be authorized to supply that person seeks to effect a change of service. MoPub argues that this restriction is only applicable when the person is receiving electric energy from a supplier who is lawfully authorized to provide energy to that person. However, there is no such limitation in the statute. In this regard the legislature makes the interest to an uninterrupted supply of energy for a consumer, already being supplied electric energy, paramount to the authority of a given supplier of electric energy to supply that energy within an otherwise established territorial area.

This is not to condone a utility serving a customer when it is not authorized to do so, but merely to recognize that the legislature has established that disputes between utilities, when a consumer is already being supplied electric energy, are in the first instance, within the jurisdiction of the Public Service Commission. In such a case, the Public Service Commission must first decide whether the change requested should be required as in the "public interest". §§ 393.106.2 and 394.315.2.

Sections 393.106.2 and 394.315.2 are not applicable to the case at bar because the petition alleges that Co-op and the owners of Big V Supermarket have agreed that Co-op will supply the new structure with electricity, but that service is not yet being supplied.

If the structure in question herein is a new structure upon which construction was commenced after August 13, 1986, or a noncontiguous addition to or expansion of a new structure upon which construction was commenced after August 13, 1986, Co-op is not authorized to provide electric energy to the structure. If these circumstances are established, together with a sufficient probability that Co-op will supply electric energy to the new structure to warrant injunc-

tive relief, but has not yet begun to do so, then MoPub is entitled to the injunction sought.[4]

There is no statutory authority to confer jurisdiction on the Public Service Commission where electric energy will, in all probability, be supplied by a utility not statutorily authorized to supply electric energy, but the service is not yet already being supplied. On the other hand, when service is already being supplied, jurisdiction in the first instance, is with the Public Service Commission.

The trial court erred in dismissing MoPub's petition in finding that jurisdiction was, in the first instance, before the Public Service Commission. The judgment of the trial court is reversed and this cause is remanded for further proceedings.

All concur.

---

**4.** Injunctive relief must be based on a real apprehension that future acts are not just threatened, but in all probability will be committed. *A.B. Chance Company v. Schmidt,* 719 S.W.2d 854, 857 (Mo.App.1986).