**MISSOURI PUBLIC SERVICE COMMISSION, Appellant,**

v.

**ONEOK, INC., et al., Respondents.**

No. WD 70666.

Missouri Court of Appeals,
Western District.

Dec. 8, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 2, 2010.

Application for Transfer Sustained April 20, 2010.

Case Retransferred Sept. 21, 2010.

Court of Appeals Opinion Readopted Sept. 24, 2010.

Jennifer L. Heintz, for Appellant.

Jerome T. Wolf, for Respondent Duke Energy Trading & Marketing, LLC.

William J. Foland, Jr., for Respondents RRI Energy, Inc. and RRI Energy Services, Inc.

Martin McCormick Loring, for Respondents Aquila, Inc., Aquila Merchant Services, Inc., El Paso Corporation and El Paso Merchant Energy L.P.

Brant M. Laue, for Respondents Oneok Energy Services Co., L.P. and Kansas Gas Marketing Co.

Spencer J. Brown, for Respondents Xcel Energy. Inc. and E Prime, Inc.

Richard Nelson Bien, for Respondents CMS Field Services, Inc. and CMS Energy Resources Management Co.

James Richard Eiszner, for Respondent Coral Energy Resources, L.P.

**136**

James F. Mauze, for Respondents American Electric Power Co., Inc. and AEP Energy Services, Inc.

Thomas Peter Schult, for Respondents The Williams Companies, Inc., Williams Merchant Services Co., Inc., and Williams Gas Marketing, Inc.

Before Division Two: JOSEPH M. ELLIS, Presiding Judge, VICTOR C. HOWARD, Judge and CINDY MARTIN, Judge.

VICTOR C. HOWARD, Judge.

The Missouri Public Service Commission ("the Commission") appeals the trial court's judgment granting a motion to dismiss the Commission's petition for lack of standing. On appeal, the Commission claims that the trial court erred in dismissing the petition because the Commission had the authority to accept assignments of claims from local distribution companies and to file a petition asserting those claims. The judgment is affirmed.

**Factual and Procedural Background**

On May 7, 2008, the Commission filed its petition against the defendants ("Suppliers"),[1] a group of companies that marketed and sold natural gas to local distribution companies ("LDCs") in Missouri. The Commission filed its petition after several LDCs assigned their claims against Suppliers to the Commission.[2]

In the petition, the Commission alleged that the prices Suppliers charged the LDCs for natural gas were based on natural gas price indexes that appeared in various trade publications. Natural gas marketers and sellers, such as Suppliers, provided the trade publications with the price and volume information that was used to create the price indexes. The Commission pled that Suppliers conspired to provide false information to the trade publications with the intent of manipulating price indexes and causing the price of natural gas to rise. Finally, the Commission claimed that, as a result of Suppliers' actions, price indexes for natural gas were artificially inflated and Suppliers thereafter overcharged the LDCs for natural gas. Based on these allegations, the Commission pled violations of Missouri antitrust law, and counts of fraud and unjust enrichment, and sought damages based on the injuries to the LDCs.

Suppliers collectively filed a motion to dismiss the Commission's petition for lack of standing. Suppliers argued that the Commission did not have standing to bring the petition because it does not have statutory authority to accept an assignment of a private damages claim from an LDC and file a lawsuit in which it seeks to recover damages sustained by an LDC. The trial court granted the motion to dismiss. The court stated that, although it was inclined to find that the claims were assignable, there was no statute authorizing the Commission to bring the action. Therefore,

1. The following parties are defendants in this case: Duke Energy Trading and Marketing, LLC; RRI Energy, Inc.; RRI Energy Services, Inc.; Aquila, Inc.; Aquila Merchant Services, Inc.; Xcel Energy, Inc.; e prime, inc.; CMS Energy Resources Management Co.; CMS Field Services, Inc.; Coral Energy Resources, L.P.; American Electric Power Company, Inc.; AEP Energy Services, Inc.; The Williams Companies, Inc.; Williams Merchant Services Company, Inc.; Williams Gas Marketing, Inc.; El Paso Corporation; El Paso Merchant Energy, L.P. (now known as El Paso Marketing, L.P.); ONEOK Inc.; ONEOK Energy Services Company, L.P.; and Kansas Gas Marketing Company.

2. The Commission received assignments from: Laclede Gas Company; Fidelity Natural Gas, Inc.; Atmos Energy Corporation; The Empire District Gas Company; Missouri Gas Energy; and Union Electric Company.

the court found that the Commission did not have standing and dismissed the action with prejudice. This appeal by the Commission followed.

## Standard of Review

■ We review a trial court's dismissal of a petition for lack of standing *de novo*. *White v. White*, 293 S.W.3d 1, 8 (Mo.App. W.D.2009). We will determine the issue of standing " 'as a matter of law on the basis of the petition, along with any other noncontested facts accepted as true by the parties at the time the motion to dismiss was argued, and resolve the issue as a matter of law on the basis of the undisputed facts.' " *Id.* (quoting *State ex rel. Dep't of Soc. Servs., Family Support Div. v. K.L.D.*, 118 S.W.3d 283, 287 (Mo.App. W.D.2003)).

## Discussion

■ In its first point on appeal, the Commission contends that the trial court erred in dismissing the Commission's petition for lack of standing because it had the authority to accept assignments of and assert the LDCs' claims. The Commission claims that this authority is derived from section 386.040, RSMo 2000.

■ As a creature of statute, the Commission's "powers are limited to those conferred by statute, either expressly, or by clear implication, as necessary to carry out the powers specifically granted." *Utilicorp United Inc. v. Platte–Clay Elec. Co-op., Inc.*, 799 S.W.2d 108, 109 (Mo.App. W.D.1990). Accordingly, whether the Commission's actions are lawful "depends directly on whether it has statutory power and authority to act." *State ex rel. Gulf Transp. Co. v. Pub. Serv. Comm'n of State*, 658 S.W.2d 448, 452 (Mo.App. W.D.1983). Neither convenience, nor expediency, nor necessity is a proper matter to consider in determining whether the Commission's ac-

tions are authorized by statute. *State ex rel. Mo. Cable Telecomms. Ass'n v. Mo. Pub. Serv. Comm'n*, 929 S.W.2d 768, 772 (Mo.App. W.D.1996).

■ Section 386.040, which created and established the Commission, provides that the Commission "shall be vested with and possessed of the powers and duties in this chapter specified, and also all powers necessary or proper to enable it to carry out fully and effectually all the purposes of this chapter." The Commission's primary function is the regulation of public utilities, and the Commission identifies its principal purpose as serving and protecting ratepayers. *State ex rel. Capital City Water Co. v. Mo. Pub. Serv. Comm'n*, 850 S.W.2d 903, 911 (Mo.App. W.D.1993).

For the purpose of protecting ratepayers, the Commission claims that it was necessary and proper for it to receive assignments of the LDCs' private claims and file suit for damages allegedly inflicted on the LDCs. The Commission argues that its petition enables it to ensure that Missouri's natural gas market is free from price manipulation and other unlawful conduct. Additionally, the Commission claims that, ultimately, ratepayers were injured by Suppliers' unlawful conduct because the LDCs passed the overcharge on to the ratepayers. Therefore, the Commission maintains that it is necessary for it to pursue the claims in its petition for the benefit of Missouri ratepayers; otherwise, the ratepayers will be left without a remedy.

Conversely, Suppliers argue that the Commission has no statutory authority to accept assignments of the LDCs' claims or to assert them in court. Furthermore, Suppliers assert that the Commission's involvement in the petition is neither necessary nor a proper method of protecting Missouri ratepayers.

■ As for the Commission's assertion that ratepayers will be left without a remedy if the Commission cannot assert the LDCs' claims, it is difficult to discern from the petition and from the Commission's argument on appeal how ratepayers will benefit under these circumstances. Although the Commission states in its brief that ratepayers were injured when the LDCs passed the overcharges on to them, there are no allegations to that effect in the petition. The only harm the Commission identifies in the petition is to the LDCs that assigned their claims to the Commission. Furthermore, the Commission has not explained how a recovery of damages would benefit ratepayers. There is nothing in the petition or the record to show that ratepayers would receive a benefit if damages were awarded in this case.[3] Without an explanation of how a recovery of damages would benefit ratepayers, it is unclear how ratepayers would be any better off with the Commission's involvement than if the LDCs had simply asserted their own causes of action. Therefore, we cannot conclude that the Commission's involvement in the petition is necessary in order for it to protect ratepayers. Regardless, the "powers necessary or proper" clause in section 386.040 enables the Commission to carry out the functions specifically delegated to it by the legislature. It is not a license to engage in any conceivable activity for the protection of ratepayers. No matter how noble the cause, we must administer the law as it is, not as the Commission wishes it to be.

■ Aside from its attempt to characterize its actions as generally "necessary or proper," the Commission acknowledges that no specific statute authorizes the actions it took. The Commission refers to section 386.071, but that section specifies the duties of the Commission's general counsel and does not authorize the general counsel to bring this particular type of action. Finally, reference is made to section 386.600, which authorizes the general counsel of the Commission to bring actions to recover penalties or forfeitures for law violations. However, the Commission does not seek to recover a statutory penalty in this case but, rather, seeks to recover damages based on the difference between the prices the LDCs paid to Suppliers and the prices the LDCs would have paid if Suppliers had not manipulated the price indexes. The Commission also seeks treble damages based on the LDCs' alleged antitrust injury. Furthermore, the action was not brought in the name of the state, as required by section 386.600.

We cast no aspersions on the Commission's motivations and goals. However, we decline to wander down the intricate path of policy reserved for our legislature. In the absence of a statute specifically authorizing the Commission to receive the LDCs' assignments and assert private causes of action for damages, or a showing that such actions are necessary or proper to carry out its specifically granted powers, the trial court did not err in finding that the Commission did not have the authority to maintain its action. Point one is denied.

In its second point, the Commission contends that the trial court erred in dismissing the underlying petition because case law demonstrates that courts must exercise great caution in dismissing antitrust claims in that the primary purpose of antitrust law is the protection of the public.

3. We note that the Commission did not provide copies of the LDCs' assignments for our review.

In support of its assertion, the Commission cites *Defino v. Civic Center Corp.*, 718 S.W.2d 505 (Mo.App. E.D.1986). While that case does identify protection of the general public as an element of antitrust law, the court was citing a 1969 Eighth Circuit case which emphasized that courts are reluctant to dismiss a complaint *for failure to state a claim* in the rapidly developing area of antitrust law. *Id.* at 510 (quoting *Great A & P Tea Co. v. Amalgamated Meat Cutters, Etc.*, 410 F.2d 650, 652 (8th Cir.1969)). As the Commission's petition was dismissed for lack of standing based on the statutes establishing the Commission's authority, the reasoning in *Defino* is inapplicable to the case at hand.

Finally, the Commission argues that Missouri law generally holds that a valid, absolute assignment of a claim confers standing upon the assignee and further asserts that antitrust claims in particular are assignable. However, neither case law regarding assignments between private parties nor substantive antitrust law can govern the assignment and assertion of causes of action where the assignee and petitioner is an entity created and governed by a statutory scheme which does not give it the power to engage in such actions. The trial court did not err in dismissing the Commission's petition for lack of standing. Point two is denied.

The judgment of the trial court is affirmed.

All concur.